396 So.2d 367 (1981)
Donald THORESON et al.
v.
STATE DEPARTMENT OF CIVIL SERVICE.
No. 14052.
Court of Appeal of Louisiana, First Circuit.
March 2, 1981.
*368 Richard Cadwallader and John W. Fichtel, III, Baton Rouge, for appellants.
R. Gray Sexton, Gen. Counsel, Dept. of Civil Service, Baton Rouge, for appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiffs appealed dismissal by the State Civil Service Commission of their plea for relief.
The issue is jurisdiction.
We affirm in part, reverse in part and remand.
Plaintiffs, fifty-nine individuals employed by the Department of Transportation and Development (Department) as Engineering Specialists III Class, are aggrieved by an inequitable implementation of the Uniform Pay Plan. In an effort to equalize the pay of Engineering Specialists III Class with Engineers III Class, the State Department of Civil Service made provision in the pay plan on August 2, 1975, for equalization. The plan, along with the general increase for all classified employees, passed by the 1975 Legislature, was only partially implemented because of insufficient funds and of salary ceilings imposed by the governor and legislature. Although all Engineering Specialists III Class in steps 5-10 of the original classification received pay increases, they were placed on a lower step in the new pay range. Consequently, persons from lower or other classifications promoted to Engineer Specialist III Class after August 2, 1975 can advance in step beyond those with more seniority. Plaintiffs petitioned the Civil Service Commission to investigate the matter, to order immediate step increases for those employees who had lost ranking in the implementation of the pay plan, and to revise its rules. The Civil Service Commission dismissed plaintiffs' petition because it believed it was without jurisdiction to entertain the request or grant the relief sought.
First, the Department of Civil Service contends that the Civil Service Commission is without jurisdiction to hear the appeal because that jurisdiction is limited to disciplinary, removal and discriminatory actions. The Civil Service Amendment to the 1921 Constitution gave the Commission "the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases." The 1974 Constitution in Art. 10, § 8 gives the right of appeal to an employee subjected to disciplinary action or to discrimination because of political or religious beliefs, sex or race. Section 12 of the same article gives the Commission the "exclusive power and authority to hear and decide all removal and disciplinary cases,..."
Unquestionably, there is a decided change in the grant of power. No citation of any proof that the Convention deliberately curtailed the power of the Commission to hear appeals has been furnished us. Our examination of the proceedings of the Convention has revealed no discussion of any such deliberate intention. However, the fact remains that the wording is different. We must give effect to the logical meaning of the terms. We therefore hold that the judicial jurisdiction of the Commission is restricted to removal, disciplinary and discrimination cases.
*369 However, that answers only part of the question before us. The Commission has in addition to its judicial jurisdiction, both legislative and executive power and authority.[1] We find no limitation in these grants that require the dismissal of plaintiffs' appeal to the Commission.
The Commission says that the thrust of plaintiffs' request is that the Commission "order" the employer to do something not presently required by the Commission's rules or to amend its existing rules to authorize something that is presently prohibited by the rules. That may be, but that is not a matter of power and authority to consider the questions. The Commission may very well elect not to order something not presently required and to refuse to amend its rules so as to authorize something now prohibited but that is a matter of discretion not of power and authority.
The Commission in its decision adverted to its legislative function being immune to an administrative or judicial mandate to structure its rules in any particular fashion. We do not by this decision intend to instruct the Commission to adopt any specified rule. We are merely holding that it does have the power and authority to entertain appeals to exercise its executive and legislative functions. Whether it decides in its discretion to do so is another question we do not have before us at the present time.
Counsel for the Department argues that the Commission has already exercised that discretion. We do not so interpret the Commission's holding that it is "without jurisdiction to entertain the request or grant the relief sought by the appellants, the `Petition for Correction'."
For these reasons the case is remanded to the State Civil Service Commission for further handling in accordance with these reasons. Costs in the amount of $25.00 are assessed against the State Department of Civil Service under authority of LSA-R.S. 13:5112.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] LSA-Const. Article 10, § 10:

"(A) Rules. (1) Powers. Each Commission is vested with broad and general rule-making and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety. Nothing herein shall prevent the legislature from enacting laws supplementing these uniform pay plans for sworn, commissioned law enforcement officers of the Division of State Police, Department of Public Safety and regularly commissioned officers of the Enforcement Division of the Department of Wildlife and Fisheries.
* * * * * *
(4) Effect. Rules adopted pursuant hereto shall have the effect of law and be published and made available to the public. Each commission may impose penalties for violation of its rules by demotion in or suspension or discharge from position, with attendant loss of pay.
(B) Investigations. Each commission may investigate violations of this Part and the rules, statutes, or ordinances adopted pursuant hereto.
(C) Wages and Hours. Any rule or determination affecting wages or hours shall have the effect of law and become effective only after approval by the governor or the appropriate governing authority."