PLOTKIN, Judge.
Keith Noya, Terrell Hampton, Michael Langston and Harry Morter are four firefighters who appeal a ruling of the City Civil Service Commission which maintained an exception of no cause of action. The City of New Orleans, the Appointing Authority, transferred the firefighters twenty-seven days after reinstating them to their former positions and locations in the Fire Department. The plaintiffs allege that the transfer occurred in circumvention of the Commission’s original order and in retaliation for their successful challenge of the Department’s illegal termination. We affirm.

Facts

The Civil Service Commission reinstated the four appellants in this case to their former positions and locations in the New Orleans Fire Department on January 22, 1991. The firefighters lost their employment on September 20, 1989, after the department illegally tested them for the use of drugs. Between the date of dismissal and the date of reinstatement, four firefighters replaced the plaintiffs in the rescue squad where they had been stationed. Thé rescue squad became overstaffed after the reinstatement, and the city Appointing Authority asked the Commission to modify its order. The Commission refused.
The Appointing Authority reinstated the firefighters and then transferred them to other jobs. On an appeal brought by the firefighters, the Commission reiterated its order to the Appointing Authority to reinstate the firefighters to their former positions in the rescue squad.
The Appointing Authority complied with the order, but twenty-seven days later the Superintendent of the Fire Department transferred the firefighters from the rescue squad. The firefighters appealed and the Appointing Authority filed an exception of no cause of action. The Commission heard arguments on the appealability of personnel actions alleged to be retaliatory in nature and on the burden of proof in such an action. The Commission then granted the exception of no cause of action. The firefighters appealed that judgment.

Jurisdiction

The constitutional language which grants jurisdiction to the State and City commissions is identical. LSA-Const. Art. 10, § 12(A) & (B) (Supp.1992), state that the commissions have appellate power “to hear and decide all removal and disciplinary cases.... ” § 12(A) applies to the State Commission, and § 12(B) applies to the City Commission. LSA-Const. Art. 10, § 8 (1977) grants a right of appeal to employees subject to discrimination or discriminatory action. The jurisdiction of the Commission has traditionally been restricted to removal, disciplinary and discriminatory cases. Thoreson v. State Dep’t of Civil Service, 396 So.2d 367, 368 (La.Ct.App. 1st Cir.1981), appeal after remand, 433 So.2d 184, writ denied, 440 So.2d 726 and 440 So.2d 727, reconsideration denied, 442 So.2d 452.
In Thoreson, the State Commission dismissed a petition by state employees alleg *715 ing the inequitable implementation of a uniform pay plan enacted by the Department of Civil Service. The court held that the Commission had no judicial jurisdiction to hear the appeal since such appeal did not fall within the power and authority granted by the Louisiana Constitution. Id. Furthermore, the circuit court found that the Commission does not have the power to extend or limit the jurisdiction conferred upon it by the Constitution. In re Investigation of Lauricella, 546 So.2d 207, 209 (La.App. 1 Cir.1989); Head v. Dep’t of Highways, 166 So.2d 346, 350 (La.App. 1 Cir.1964).
The Thoreson court held, however, that the Commission could exercise jurisdiction under its legislative and executive power and authority. Thoreson, 396 So.2d at 369. Such exercise of a court’s jurisdiction under its legislative or executive function was left to the discretion of the Commission. Id. The court remanded because it decided that the Commission had not exercised its discretion in refusing to hear the appeal.
In the present case, the Commission exercised jurisdiction under its executive and legislative functions by reiterating its order to the fire department to reinstate the appellants. The Commission could have exercised appellate jurisdiction if this transfer had been the result of discrimination or a discriminatory action and not the result of retaliatory action as alleged in the present case. We find that the Commission’s maintaining of the exception of no cause of action was an exercise of the Commission’s discretion under its legislative and executive functions.

Applicability of Federal Standards

Before the Commission granted ap-pellee’s exception of no cause of action, the Commission heard arguments on the ap-pealability of the firefighters’ retaliatory allegations and the burden of proof required in such an action. The firefighters argued for the application of the federal civil service standards, which require the federal Merit Systems Protection Board to hear the complaints of an employee alleging retaliatory personnel action because of an employee’s successful exercise of a protected activity.
The plaintiffs argue that the federal civil service practice standards should be extended to employees appealing orders from the Louisiana Commission. Under the federal statutes, federal employees have a right of appeal to “the Merit Systems Protection Board (MSPB) from any action which is appealable to the Board under any law, rule, or regulation.” 5 U.S.C.A. § 7701(a) (1980). That same section provides an affirmative defense to an employee if he can prove a “prohibited personnel practice” as defined by 5 U.S.C.A. § 2302(b) (Supp.1992). Rogers v. Dep’t of Defense Dependents Schools, 814 F.2d 1549, 1555 (Fed.Cir.1987). Any retaliatory action taken as the result of an employee’s exercising “any appeal, complaint, or grievance right granted by any law, rule, or regulation” is listed as a prohibited action. 5 U.S.C.A. § 2302(b)(9)(A) (Supp.1992).
The plaintiffs argue that this court should recognize a state employee’s right to appeal an alleged retaliatory transfer even though no statute provides such a right. In fact, the federal courts have recognized only the restricted jurisdiction of the MSPB. “The jurisdiction of the MSPB is not plenary but is limited to those actions which are made appealable to it by law, rule, or regulation. 5 U.S.C. §§ 1205(a)(1), 7701(a) (1982).” Maddox v. Merit Systems Protection Bd., 759 F.2d 9 (Fed.Cir.1985). In that case the court held that the MSPB lacked jurisdiction to hear allegations that a public employee’s reassignment violated the employee’s veterans’ preference rights and seniority rights.
LSA-Const. Art. 10, § 12 is explicit in its grant of appellate jurisdiction to the Commission. The firefighters’ argument that the Commission should hear cases involving allegations of a retaliatory transfer is more appropriately addressed to the legislature. Since the statutes governing jurisdiction of the federal board must be strictly construed, the firefighters’ argument that the federal standards should apply to the instant case is without merit.
*716 Accordingly, the judgment of the Commission is affirmed.
AFFIRMED.
BARRY, J., dissents.