Dear Mr. Guinn:
You requested reconsideration of Attorney General Opinion Number 02-0283, wherein this office found that the Louisiana Student Financial Assistance Commission (hereinafter referred to as LASFAC) exceeded its statutory authority by promulgating certain rules to implement the Tuition Opportunity Program for Students (hereinafter referred to as TOPS). You attached a memorandum from your general counsel, which outlines his arguments that LASFAC has not exceeded its statutory authority. His memorandum focuses on the use of the Free Application for Federal Student Financial Assistance (hereinafter referred to as FAFSA) as the TOPS application for all students and the elimination of awards due to an insufficient appropriation. We will examine both issues and provide clarification of our interpretation of LSA-R.S. 17:3048.1, where necessary. Your general counsel also sets forth his interpretation of LAC 28:IV § 803.A.3, which implements the TOPS Tech award application requirements. We note that LASFAC has made changes to LAC 28:IV § 501.A and § 803.A.3, which address what we found to be inconsistent application requirements for TOPS Opportunity, Performance and Honors awards and TOPS TECH awards; therefore, we see no need to discuss LAC 28:IV § 803.A.3.
USE OF THE FAFSA AS THE TOPS APPLICATION
In his memorandum, your general counsel cites several cases on the subject of agency discretion. He cites Chevron USA v. Natural ResourcesDefense Council, 467 U.S. 837, 104 S.Ct. 2778 (1984), which is a long standing United States Supreme Court case which sets forth the standard of review that courts are to use in reviewing an agency's construction of a statute that it administers. In its opinion in Chevron, the Supreme Court found that if Congress has not directly spoken to the precise question at issue, a court is to then evaluate the agency's interpretation of the statute. The memorandum then proceeds to cite a series of cases involving the Louisiana Civil Service Commission's interpretation of its own rules. The Civil Service Commission cases cited stand for the principle that an agency may interpret its own rules and such interpretations become part of the rules. Your general counsel asserts that the TOPS rules requiring submission of a FAFSA without financial information to a federal financial aid application processor do not require a student to apply for a federal grant. By citing these Civil Service Commission cases, he is arguing that LASFAC's interpretation of the TOPS application rules requiring the submission of a FAFSA without financial information becomes a part of the rules and the interpretation results in compliance with LSA-R.S. 17:3048.1(J).
The promulgation of rules by the Civil Service Commission must be distinguished from the promulgation of rules by LASFAC. The rulemaking authority of the Civil Service Commission is found in La. Const. Art. X
§ 10, which states:
 (A)(1)Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established.
* * *
 (4) Rules adopted pursuant hereto shall have the effect of law . . .
The Civil Service Commission has ". . . both legislative and executive power and authority." Thoreson v. State Department of Civil Service,396 So.2d 367, 369 (La.App. 1st Cir. 1981). The ". . . constitutional grant of rule-making power to the Commission precludes the legislature from enacting a statute which would nullify the Commission's rules . . ."Smith v. Department of Health and Human Resources 416 So.2d 94, 95 (La. 1982). In Smith, the Louisiana Supreme Court found that a provision of the Administrative Procedure Act was not applicable to decisions of the Civil Service Commission. The Civil Service Commission has adopted its own rulemaking procedures, which can be found in Chapter 2 Section 2.10 of its rules. The test used by courts to determine the validity and enforcement of Civil Service Commission Rules is whether the rules ". . . constitute a reasonable exercise of the Commission's rule-making power and do not violate basic constitutional rights . . ." Bell v. Departmentof Health and Human Resources 472 So.2d 235, 238 (La.App. 1st Cir. 1985) [citing Shelton v. Southeastern Louisiana University, 431 So.2d 437, 439
(La.App. 1st Cir. 1983)]. The Civil Service Commission rules are not tested based on compliance with a statutory grant of authority. If the Civil Service Commission's rules are reasonable, do not violate basic Constitutional rights and address the broad subject matter listed in its Constitutional grant of authority, the rules are found to be valid. Similarly, its interpretation of its rules, if reasonable, can become a part of the rules, because there are no other standards by which to evaluate and validate the content of its rules.
Unlike the Civil Service Commission, LASFAC does not have a broad Constitutional grant of authority to promulgate rules. LASFAC's authority to promulgate TOPS rules is granted by LSA-R.S. 17:3048.1, which limits its rule making authority by regulating the contents of the rules LASFAC is to promulgate. LASFAC must also follow the rule making procedures set forth in the Administrative Procedure Act, LSA-R.S. 49:951
et seq. As discussed in Opinion Number 02-0283, LSA-R.S. 49:963(C) provides that a rule can be declared invalid or inapplicable if it exceeds the statutory authority of the agency. As a result of these distinct differences between the rule making authority of Civil Service Commission and LASFAC, a conclusion that the same principles apply when evaluating each agency's rules or its interpretation of its rules is inappropriate. Applying the same principles could not only result in LASFAC's interpretation of its rules becoming a part of the rule, without regard to statutory authority, but also its interpretation becoming the interpretation of LSA-R.S. 17:3048.1(J), without regard to legislative intent.
Although the contemporaneous administrative construction given a statute by the agency charged with administering it can be a ". . . persuasive indication of the true meaning of a statute. . . an administrative construction cannot be given effect where it is contrary to or inconsistent with legislative intent." Jurisich v. Jenkins, 1999-0076 (La. 10/19/99), 749 So.2d 597 [citing Sales Tax Dist. No. 1 ofLafourche Parish v. Express Boat Co., 500 So.2d 364 (LA. 1987)]. LSA-R.S. 17:3048.1(J) provides: "[t]he student shall apply for a federal grant prior to receiving a grant of state funds under this Section unless the student can demonstrate that he does not qualify for federal grant aid." Your general counsel argues that, because LSA-R.S. 17:3048.1(J) requires students who qualify for federal grant aid to apply for federal grant aid, submission of the FAFSA is required by the TOPS statute and the statute creates a de facto requirement to use the FAFSA. He is correct in that students qualifying for federal grants are required to submit a FAFSA to apply for federal grant aid. However, as discussed in Opinion Number 02-0283, LSA-R.S. 17:3048.1(J) does not require a student who qualifies for a federal grant to submit a FAFSA as his application for a TOPS award. It provides that such a student must apply for a federal grant, which requires the completion of a FAFSA, prior to receiving a grant of state funds. There is a clear distinction between the phrases "prior to receiving" and "when applying for." The legislature chose to use the former, which indicates that, although it recognized that a FAFSA must be completed to apply for a federal grant prior to receiving a state award, it did not mandate the use of the FAFSA as the application for a TOPS award. As stated in Opinion Number 02-0283, to further compliance with the mandatory requirement that all students who qualify for a federal grant must apply for federal grant aid, a FAFSA can be used as the TOPS application for such students.
In LSA-R.S. 17:3048.1(J), the legislature clearly exempts students who can demonstrate that they do not qualify for a federal grant from applying for federal grant aid. It is our opinion that LASFAC does not correctly interpret or apply the exemption created by the legislature. The exemption was created in House Bill 201 of the First Extraordinary Session of 1998, which amended LSA-R.S. 17:3048.1. The previous version of LSA-R.S. 17:3048.1(F) provided that all students shall apply for a federal grant prior to receiving a grant of state funds and thus permitted a rule adopting the FAFSA as the TOPS application for all students. The legislature chose, in House Bill 201, to create an exemption from applying for a federal grant. In doing so, we believe it prohibited the use of the FAFSA as the TOPS application for those students qualifying for the exemption.
Your general counsel correctly notes that the use of the FAFSA is the method required by the United States Department of Education to apply for federal grant aid. In creating the exemption, we believe the legislature acted with an awareness of this application method and did not intend to distinguish between applying for a federal grant and the submission of a FAFSA, in any form, to a federal processor of federal financial aid applications. It is the opinion of this office that by exempting students who do not qualify for federal grants from applying for federal grant aid, the legislature intended to exempt those students from this application method.
The FAFSA method involves the submission of personal information to a federal processor to determine if a student is eligible for federal financial aid. Your general counsel argues that the legislature intended to protect certain students from the revelation of their parents' financial information, thereby permitting the use of the FAFSA if financial information is not required. We believe that the legislature's intent to protect students applying for TOPS extended beyond their parents' financial information. It is our opinion that the legislature sought to protect students who are not required to apply for federal grant aid from submitting their personal information to a federal processor of federal financial aid applications. In order to enact this intent, the legislature exempted those students from using the FAFSA method by not requiring them to apply for a federal grant. Your general counsel correctly notes that the federal government does permit states to use its processor; however, by creating the exemption, we believe the Louisiana Legislature has indicated that it does not want its students who have no reason to send their information to a federal processor of federal financial aid applications to be forced to do so.
As indicated in Opinion Number 02-0283, any rule implementing TOPS application requirements should be consistent with the statutory authority granted to LASFAC in LSA-R.S. 17:3048.1. As discussed above, it is our opinion that LSA-R.S. 17:3048.1(J) permits the use of the FAFSA as the TOPS application for those students who qualify for a federal grant; however, it prohibits the use of the FAFSA for students who can demonstrate that they do not qualify for a federal grant. It remains the opinion of this office that LASFAC has exceeded its statutory authority by adopting the portions of LAC 28:IV § 501.A, § 703.A.3 and § 803.A.3 that require students who can demonstrate that they do not qualify for federal grants to submit a FAFSA to a federal processor of federal financial aid applications in order to apply for a TOPS award.
ELIMINATION OF AWARDS DUE TO AN INSUFFICIENT APPROPRIATION
In addition to LASFAC's ability to promulgate a rule adopting the FAFSA as the application for all TOPS applicants, you asked that we re-examine our finding that LASFAC exceeded its statutory authority by promulgating LAC 28:IV § 2107.C. Your general counsel argues that the changes made to LSA-R.S. 17:3048.1(N) in House Bill Number 201 of the First Extraordinary Session of 1998 as a result of changes made to Sections (C)(2)(b) and (J) indicate that all students whose EFC cannot be determined should be the first eliminated due to an insufficient appropriation. He states that the clear intent of the legislature was to provide an exception to the federal grant aid requirement, but with the caveat that doing so would put those students at a disadvantage in the event of an insufficient appropriation. He argues that the clear intent of the legislature was to eliminate all students whose EFC was not available as a result of exercising their option to not apply for a federal grant. He correctly notes that such an elimination of students in the event of an appropriations shortfall would turn the TOPS program into a needs-based scholarship program. He urged a consideration of the legislative history and attached a copy of House Bill Number 201 of the First Extraordinary Session of 1998 in its enrolled version, which is the final version passed by the legislature and indicates changes made to the prior law.
In addition to evaluating the final changes made to prior law, it is important to examine all of the changes made to a bill in the legislative process, which is what was done in writing Opinion Number 02-283. We have attached copies of the applicable section of the original version of the House Bill Number 201 of the First Extraordinary Session of 1998, the Senate Committee Amendments to the reengrossed House Bill 201 and the Conference Committee Report for your review.
Prior to the changes made in 1998, LSA-R.S. 17:3048.1(N) provided:
 (N) In the event the legislature appropriates insufficient money to fund all awards made to students qualifying under Subparagraphs A(1)(c), (d), and (e) of this Section, the number of students to whom awards shall be made shall be reduced as necessary pursuant to a procedure set out by rule adopted by the administering agency. Such procedure shall provide for such reduction to be based on a determination of the ability of each student's family to pay the student's tuition evidenced by the adjusted gross income reported by the family on state or federal tax returns. Among students denied their award as provided in this Subsection, those students whose families have the least capacity to pay shall be the first to receive their award if monies become available.
Pursuant to this provision, the elimination of awards was based only on each family's ability to pay the student's tuition, with those with the greatest ability to pay tuition being eliminated first. This method of elimination turned the TOPS program into a needs-based program in the event of an insufficient appropriation. As noted by your general counsel, because of changes made to Sections (C)(2)(b) and (J), changes had to be made to Subsection (N). The original version of House Bill 201 provided:
 N. (1)In the event the legislature appropriates insufficient money to fund all awards made to students qualifying under the provisions of this Section, the number of students to whom awards shall be made shall be reduced as necessary pursuant to a procedure set out by rule adopted by the administering agency. The procedure shall provide for such reduction to be based on the ability of each student's family to pay the student's tuition as evidenced by expected family contribution determined by using the standardized federal methodology for establishing student financial need.
 (2)Among students denied their awards as provided in this Subsection, those students whose families have the least capacity to pay shall be the first to receive their awards if monies become available. Any student for whom the expected family contribution cannot be determined as provided for in Paragraph (1) of this Subsection shall be denied his award until the legislature appropriates sufficient monies to fund all awards made to students qualifying under the provisions of this Section.
This original version of the House Bill 201 maintained the same elimination system, substituting the EFC terminology to create consistency throughout the statute and continued to turn the TOPS program into a need-based program in the event of an insufficient appropriation. The bill also separated the elimination procedure from the redistribution procedure by creating subsection (N)(1) and (N)(2). Because the elimination procedure was based on EFC, which would not be available for some students, the second sentence of (N)(2) was necessary to explain how redistribution of awards would occur for those students whose EFC was not available.
The Senate Committee amended Subsection (N)(1) to add the following:
 The procedure shall provide that reductions of awards made necessary by insufficient appropriations shall first eliminate the cohort of students who score nineteen on the American College Test through the class graduating in 1998 and thereafter those who score twenty-one on the American College Test. The procedure shall provide that within that cohort of students, those whose families are most able to pay the student's tuition shall be eliminated first. After insufficient appropriations require the elimination of all students in such cohort, the procedure shall require repeating the process with those students in the next highest score cohort.
House Bill 201 then went to a conference committee, which produced the enrolled version of the bill approved by the House and Senate. House Bill 201 became the law and the language in LSA-R.S. 17:3048.1(N) remains in the current law. LSA-R.S. 17:3048.1(N) provides:
 (1) In the event the legislature appropriates insufficient money to fund all awards made to students qualifying under the provisions of this Section, the number of students to whom awards shall be made shall be reduced as necessary pursuant to a procedure set out by rule adopted by the administering agency. The procedure shall provide for such reduction to be based on the scores on the American College Test and then on the ability of each student's family to pay the student's tuition as evidenced by the expected family contribution determined by using the standardized federal methodology for establishing student financial need. The procedure shall provide that reductions of awards made necessary by insufficient appropriations shall first eliminate the cohort of students who score lowest on the American College Test. The procedure shall provide that within that cohort of students, those whose families are most able to pay the student's tuition shall be eliminated first. After insufficient appropriations require the elimination of all students in such cohort, the procedures shall require repeating the process with those students in the next highest score cohort.
 Among students denied their awards as provided in this Subsection, those students whose families have the least capacity to pay shall be the first to receive their awards if monies become available. Any student for whom the expected family contribution cannot be determined as provided for in Paragraph (1) of this Subsection shall be denied his awards until the legislature appropriates sufficient monies to fund all awards made to students qualifying under the provisions of this section.
In light of the above referenced legislative history, it is the opinion of this office that the legislature had an opportunity to maintain the TOPS elimination procedure as needs-based in the event of an insufficient appropriation and chose not to. The legislature instead created a procedure that provided for a ". . . reduction to be based on the scores on the American College Test and then on the ability of each student's family to pay the student's tuition . . ." (emphasis added). The legislature went on to state that the procedure shall ". . . firsteliminate the cohort of students who score lowest on the American College Test" and ". . . within that cohort of students, those whose families are most able to pay the student's tuition shall be eliminated first." (emphasis added). It is not until all students within each cohort are eliminated that the elimination in the next highest cohort begins. The redistribution provision in (N)(2) provides for the return of awards to ". . . those students denied their awards as provided for in this Sub-section. . .," meaning the ACT procedure outlined in (N)(1). The awards are to be returned in reverse order based on need. It is the opinion of this office that the second sentence of (N)(2) explains when those students with no available EFC who were denied an award by the use of the ACT cohort procedure mandated in (N)(1) would receive their awards should money become available.
TOPS awards are designed as performance-based scholarships, as evidenced by the grade point average and ACT requirements and the different levels of awards. The legislative changes made to the elimination procedure indicate that the legislature intended to maintain the TOPS program as a performance-based program in the event of an insufficient appropriation and it was to become needs- based only within each ACT cohort. The legislature specifically created two subsections of (N), one subsection addressing elimination of awards and the other addressing redistribution of awards. When it amended the legislation to create the ACT cohort system of elimination, if it intended to eliminate all students with no EFC before reaching the ACT cohorts, it could have placed the second sentence in (N)(2) within the elimination procedure section in (N)(1). The legislature, instead, allowed it to remain in (N)(2) to explain how redistribution would occur for those students with no EFC available.
Further evidence of legislative intent is that the legislature requires only those qualifying for federal grant aid to apply for such, which results in a student having an EFC. It exempts all others from applying for federal grant aid, which could result in no EFC being available. This exemption has the potential to result in a situation in which the EFC is not available for a large number of students in the event of an insufficient appropriation. We do not think the intent of the legislature was to allow for such a situation by providing the exemption and to then penalize students who do not have an EFC by eliminating them before all others, not taking into account their ACT scores. This could have the effect of forcing students to apply for federal financial aid in order to avoid the penalty, thereby counteracting the exemption provided to students in LSA-R.S. 17:3048.1(J). Assuming the legislature did not intend to counteract its exemption by forcing students to apply for federal financial aid with the threat of an insufficient appropriation, the effect of reading LSA-R.S. 17:3048.1(N) as a needs-based elimination procedure could be to eliminate a large number of students, with no regard to ACT scores, and not redistribute the awards to any of those students unless monies became available to restore the entire appropriation. We do not think that is the effect the legislature intended. By choosing to adopt the ACT cohort elimination procedure, the legislature chose to maintain the TOPS program as a performance-based program in the event of an insufficient appropriation.
As indicated in Opinion Number 02-0283, any rule implementing an elimination procedure should reflect the specific statutory directives set forth in LSA-R.S. 17:3048.1(N). LAC 28:IV § 2107.C sets forth a procedure that first eliminates all students whose EFC is not available and then eliminates students based on the ACT cohort system. It remains the opinion of this office that LASFAC has exceeded its statutory authority by adopting LAC 28:IV § 2107.C.
We hope that this additional analysis addresses the issues you have raised.
With best regards,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:____________________________ Katherine M. Whitney Assistant Attorney General
RPI:KMW:lrs
xc: The Honorable Carl Crane The Honorable Jay Dardenne
HLS 98A-283
ORIGINAL
stipulated in Paragraph A(3). The institution shall credit any amountin excess of the cost of tuition to the student's account to pay room andboard or other educational costs billed by the institution. The studentshall apply for a federal grant prior to receiving a grant of state fundsunder this Section.
G. Implementation of the tuition payment program provided by this Section shall be subject to the appropriation of funds for this purpose.
H.(1) No student shall be eligible for tuition payment pursuant to this Section for the Opportunity Award, the Performance Award, or the HonorsAward for more than eight semesters or an equivalent numbers of units in an eligible institution which operates on a schedule based on units other than semesters, unless an extension is granted by the administering agency in accordance with its rules.
(2) No student shall be eligible for tuition payment pursuant to thisSection for the TOPS-Tech Award for more than two years unless anextension is granted by the administering agency in accordance with itsrules.
I. A grant awarded pursuant to this Section may be combined with a disbursement from the Louisiana Student Tuition Assistance and Revenue Trust Program, as provided in R.S. 17:3091 through 3099.2, to pay the student's tuition, and any portion of the grant which is offset by such a disbursement shall then be expended in payment of current year educational expenses as defined by the administering agency and billed to the student by the institution.
J. No student shall receive a grant pursuant to this Section in anamount greater than the tuition charged by the institution attended or,if the student is the recipient of a Performance or an Honors Award asdefined by Subparagraphs A(1)(c) and (d) of this Section, the amountstipulated in this Section for such awards. The institution shall creditany amount in excess of the cost of tuition to the student's account topay room and board or other educational costs billed by the institution.The student shall apply for a federal grant prior to receiving a grant ofstate funds under this Section unless the student can demonstrate that hedoes not qualify for federal grant aid.
J. K. Students receiving tuition payment under this Section shall notbe eligible for any other financial assistance from state colleges anduniversities that, when combined, would exceed the "Cost of Education" asdetermined for that student in accordance with regulations governing theaward of federal student aid under Title IV of the Higher Education Actof 1965, as amended or hereafter amended. If a student is receiving otherfinancial assistance that, when combined with a tuition payment underthis Section, exceeds the "Cost of Attendance" as determined for thatstudent in accordance with regulations governing the award of federalstudent aid under Title IV of the Higher Education Act of 1965, asamended, the amount of the tuition payment shall be reduced by the amountof such excess.
K. L. Students who initially qualify for payment under more thanSubsection of this Section shall only be entitled to receive paymentunder that Subsection which requires of them the highest of the academicstandards found in Subparagraphs A(1)(c), (d), and (e). more than oneaward under the provisions of this Section shall choose the award theywish to receive and thereafter shall be bound by the provisions of thisSection relative to continued state payments pursuant to such award.
L. M. Students qualifying as recipients of Performance or Honors Awards in accordance with Subparagraphs A(1)(d)(c) and (e)(d) shall be presented a certificate of achievement during the graduation ceremony or other appropriate occasion. Members of the legislature representing the district in which a recipient's high school is located shall be invited to attend the ceremony and may make the presentation of the certificate or of
achievement provided by the administering agency.
M. Students qualifying as recipients of any of the awards providedin this Chapter who enroll in a state vocational-technical institutionshall receive only the amount of the tuition charged at such institution.
N.(1) In the event the legislature appropriates insufficient money to fund all awards made to students qualifying under Subparagraphs A(1)(c),(d), and (e) the provisions of this Section, the number of students to whom awards shall be made shall be reduced as necessary pursuant to a procedure set out by rule adopted by the administering agency. Such The
procedure shall provide for such reduction to be based on a determinationof the ability of each student's family to pay the student's tuition as
evidenced by the adjusted gross income reported by the family on state orfederal tax returns expected family contribution determined by using thestandardized federal methodology for establishing student financialneed.
(2) Among students denied their award awards as provided in this Subsection, those students whose families have the least capacity to pay be the first to receive their award awards if monies become available.Any student for whom the expected family contribution cannot bedetermined as provided for in Paragraph (1) of this Subsection shall bedenied his award until the legislature appropriates sufficient monies tofund all awards made to students qualifying under the provisions of thisSection.
O. In lieu of the payment of tuition as provided in this Section, anystudent participating in the program provided by R.S. 29:36.1 for personsserving in the Louisiana National Guard shall receive the tuition exemptionas provided therein. However, in addition to any other payments providedfor by this Section:
(1) For any student who is participating in the tuition exemptionprogram provided by R.S. 29:36.1 and who also meets the qualificationsprovided in this Section for receipt of an Opportunity Award, the stateshall pay on behalf of such student a sum of not more than one hundredfifty dollars per semester or three hundred dollars per academic year forthe actual cost of books and other instructional materials.
(2) For any student who is participating in the tuition exemptionprogram provided by R.S. 29:36.1 and who also meets the qualificationprovided in this Section for receipt of a Performance Award, the stateshall pay on behalf of the student a sum of not more than one hundredfifty dollars per semester or three hundred dollars per academic year forthe actual cost of books and other instructional materials plus the sumof two hundred dollars per semester or four hundred dollars per academicyear for the actual cost of books and other instructional materials plusthe sum of two hundred dollars per semester or four hundred dollars peracademic year for other educational expenses as
CCRHB201 1007 V1
 CONFERENCE COMMITTEE REPORT House Bill No. 201 By Representative McDonald et al. April 17, 1998
To the Honorable Speaker and Members of the House of Representatives and the Honorable President and Members of the Senate.
Ladies and Gentlemen:
We, the conferees appointed to confer over the disagreement between the two houses concerning House Bill No. 201 by Representative McDonald et al., recommend the following concerning the reengrossed bill:
1. That Senate Committee Amendments Nos. 6, 7, 8, 9, 10, 11, and 12, proposed by the Senate Committee on Education and adopted by the Senate on April 8, 1998, be adopted.
2. That Senate Committee Amendments Nos. 6 and 9, proposed by the Senate Committee on Finance and adopted by the Senate on April 14, 1998, be adopted.
3. That Senate Floor Amendments Nos. 8, 9, and 10 of the first set of Senate Floor Amendments proposed by Senator Greens and adopted by the Senate on April 16, 1998 be adopted.
4. That Senate Committee Amendments Nos. 1, 2, 3, 4, 5, 13, and 14 proposed by the Senate Committee on Education and adopted by the Senate on April 8, 1998, be rejected.
5. That Senate Committee Amendments Nos. 1, 2, 3, 4, 5, 7, and 8 proposed Committee on Finance and adopted by the Senate on April 14, 1998, be rejected.
6. That Senate Floor Amendments Nos. 1, 2, 3, 4, 5, 6, and 7 of the first set of Senate Floor Amendments proposed by Senator Greene and adopted by the Senate on April 16, 1998, be rejected.
7. That second set of Senate Floor Amendments proposed by Senator Greene and adopted by the Senate on April 16, 1998, be rejected.
8. That the set of Senate Floor Amendments proposed by Senator W. Fields and adopted by the Senate on April 16, 1998, be rejected.
9. That the first and second sets of Senate Floor Amendments proposed by Senator Short and adopted by the Senate on April 16, 1998, be rejected.
10. That the set of Senate Floor Amendments proposed by Senator Dardenne and adopted by the Senate on April 16, 1998, be rejected.
11. That the following amendments to the reengrossed bill be adopted:
AMENDMENT NO. 1
 On page 3, line 24, after "school," delete the remainder of the line and delete line 25 and at the beginning of line 26 delete "in Louisiana."
 AMENDMENT No. 2
 On page 4, line 1, after "Forces" and before "who" insert "who meets the residency requirements of this Subparagraph and"
 AMENDMENTS NO. 3
 On page 4, line 3, after "recent" delete the remainder of the line and at the beginning of line 4 delete "regulations," and insert in lieu thereof "two years."
 AMENDMENT NO. 4
 On page 7, at the end of line 15, delete "2000," and insert "1998, except that the core curriculum requirement for a Performance Award shall be waived for any student graduating during the 1997-1998 school year who is certified as having graduated within the top five percent of his graduating class at a Louisiana public high school or nonpublic high school which is approved by the State Board of Elementary and Secondary Education."
 AMENDMENT NO. 5
 On page 22, line 7, after "other" delete the remainder of the line and insert "cost of attendance."
 AMENDMENT NO. 6
On page 24, at the end of line 11, insert the following:
 "The procedure shall provide that reductions of awards made necessary by insufficient appropriations shall first eliminate the cohort of students who score lowest on the American College Test. The procedures shall provide that within that cohort of students, those whose families are most able to pay the student's tuition shall be eliminated first. After insufficient appropriations require the elimination of all students in such cohort, the procedures shall require repeating the process with those students in the next highest score cohort."
 AMENDMENT NO. 7
 On page 24 delete line 20 through 26 and delete pages 25 and 26 and on page 27 delete lines one through 7 and insert in lieu thereof the following:
 "O. In lieu of the payment of tuition as provided in this Section any student participating in the program provided by R.S. 29:36.1 for persons serving in the Louisiana National Guard shall receive the tuition exemption as provided therein. However, in addition to any other payments provided for by this Section:
 (1) For any student who is participating in the tuition exemption program provided by R.S. 29:36.1 and who also meets the qualifications provided in this Section for receipt of an Opportunity Award, the state shall pay on behalf of such student a sum of not more than one hundred fifty dollars per semester or three hundred dollars per academic year for the actual cost of books and other instructional material.
 (2) For any student who is participating in the tuition exemption program provided by R.S. 29:36.1 and who also meets the qualifications provided in this Section for receipt of a Performance Award, the state shall pay on behalf of the student a sum of not more than one hundred fifty dollars per semester or three hundred dollars per academic year for the actual cost of books and other instructional materials plus the sum of two hundred dollars per semester or four hundred dollars per academic year for other educational expenses as defined by the Louisiana Student Financial Assistance Commission.
 (3) For any student who is participating in the tuition exemption program provided by R.S. 29:36.1 and who also meets the qualifications provided in this Section for receipt of an Honors Award, the state shall pay on behalf of the student a sum of not more than one hundred fifty dollars per semester or three hundred dollars per academic year for the actual cost of books and other instructional materials plus the sum of four hundred dollars per semester or eight hundred dollars per academic year for other educational expenses as defined by the Louisiana Student Financial Assistance Commission.
 P.(1) Notwithstanding any initial student eligibility requirement of this Chapter to the contrary, a student shall be eligible to receive a TOPS-Tech Award pursuant to this Section provided each of the applicable following conditions are met:
 (a) The student has been certified by the principal or headmaster to have graduated from an out-of-state high school which has been approved by the appropriate state educational agency in the state in which the school is located.
 (b) The student has a composite score on the 1990 version of the American College Test which is at least three points higher than that required by this Section for a student graduating from a Louisiana public high school or nonpublic high school which has been approved by the State Board of Elementary and Secondary Education or an equivalent concordant value on an enhanced or revised version of such test or on the Scholastic Aptitude Test.
 (c) Unless granted an exception for cause by the administering agency, the student has enrolled in a Louisiana public postsecondary institution as a first-time freshman not later than the semester, excluding summer semesters or sessions, immediately following the first anniversary of the date that the student graduated from high school or, if the student joins the United States Armed Forces within one year after graduating from high school, has enrolled in a Louisiana public postsecondary institution as a first-time freshman not later than the semester, excluding summer semesters or sessions, immediately following the fifth anniversary of the date that the student graduated from high school.
 (d) The student meets the eligibility requirements provided in Subparagraphs A(1)(a) and (f) of this Section.
 (2) Notwithstanding any initial student eligibility requirement of this Chapter to the contrary, a student shall be eligible to receive an Opportunity Award pursuant to this Section provided each of the following conditions are met:
 (a) The student meets the eligibility requirements provided in Subparagraph (1)(a) of this Subsection.
 (b) Unless granted an exception for cause by the administering agency, the student has enrolled in an eligible college or university as a first-time freshman not later than the semester, excluding summer semesters or sessions, immediately following the first anniversary of the date that the student graduated from high school or, if the student joins the United States Armed Forces within one year after graduating from high school, has enrolled in an eligible college or university as a first-time freshman not later than the semester, excluding summer semesters or sessions, immediately following the fifth anniversary of the date that the student graduated from high school.
 (c) The student has a composite score on the 1990 version of the American College Test which is at least three points higher than that required by this Section for a student graduating from a Louisiana public high school or nonpublic high school which has been approved by the State Board of Elementary and Secondary Education or an equivalent concordant value on an enhanced or revised version of such test or on the Scholastic Aptitude Test.
 (d) The student meets the eligibility requirements provided in Subparagraphs A(1)(a) and (f) of this Section.
 (3) Notwithstanding any initial student eligibility requirement of this Chapter to the contrary, a student shall be eligible to receive a Performance Award pursuant to this Section provided each of the following conditions are met:
 (a) The student meets the eligibility requirements provided in Subparagraph (1)(a) of this Subsection.
 (b) Unless granted an exception for cause by the administering agency, the student has enrolled in an eligible college or university as a first-time freshman not later than the semester, excluding summer semesters or sessions, immediately following the first anniversary of the date that the student graduated from high school or, if the student joins the United States Armed Forces within one year after graduating from high school, has enrolled in an eligible college or university as a first-time freshman not later than the semester, excluding summer semesters, or sessions, immediately following the fifth anniversary of the date that the student graduated from high school.
 (c) The student has a composite score on the 1990 version of the American College Test which is at least three points higher than that required by this Section for a student graduating from a Louisiana public high school or nonpublic high school which has been approved by the State Board of Elementary and Secondary Education or an equivalent concordant value on an enhanced or revised version of such test or on the Scholastic Aptitude Test.
 (d) The student meets the eligibility requirements provided in Subparagraphs A(1)(a) and (f) of this Section.
 (4) Notwithstanding any initial student eligibility requirement of this Chapter to the contrary, a student shall be eligible to receive an Honors Award pursuant to this Section provided each of the following conditions are met:
 (a) The student meets the eligibility requirements provided in Subparagraph (1)(a) of this Subsection.
 (b) Unless granted an exception for cause by the administering agency, the student has enrolled in an eligible college or university as a first-time freshman not later than the semester, excluding summer semesters or sessions, immediately following the first anniversary of the date that the student graduated from high school or, if the student joins the United States Armed Forces within one year after graduating from high school, has enrolled in an eligible college or university as a first-time freshman not later than the semester, excluding summer semesters or sessions, immediately following the fifth anniversary of the date that the student graduated from high school.
 (c) The student has a composite score on the 1990 version of the American College Test which is at least three points higher than that required by this Section for a student graduating from a Louisiana public high school or nonpublic high school which has been approved by the State Board of Elementary and Secondary Education or an equivalent concordant value on an enhanced or revised version of such test or on the Scholastic Aptitude Test.
 (d) The student meets the eligibility requirements provided in Subparagraphs A(1)(a) and (f) of this Section.
 Q.(1) Notwithstanding any initial student eligibility requirement of this Chapter to the contrary, a student shall be eligible to receive a TOPS-Tech Award pursuant to this Section provided each of the following conditions are met:
 (a) The student has been certified by a parent or legal guardian to have successfully completed at the twelfth grade level a home study program approved by the State Board of Elementary and Secondary Education. Additionally, the student, if ever enrolled in a Louisiana public high school or nonpublic high school which has been approved by the State Board of Elementary and Secondary Education must have begun his studies in the approved home study program no later than the conclusion of the tenth grade year.
 (b) The student has actually resided in Louisiana or has a parent or legal guardian who has actually resided in Louisiana during the twenty-four months prior to the date that the student's initial application is received by the administering agency.
 (c) The student has a composite score on the 1990 version of the American College Test which is at least three points higher than that required by this Section for a student graduating from a Louisiana public high school or nonpublic high school which has been approved by the State Board of Elementary and Secondary Education or an equivalent concordant value on an enhanced or revised version of such test or on the Scholastic Aptitude Test.
 (d) Unless granted an exception for cause by the administering agency, the student has enrolled in a Louisiana public postsecondary institution as a first-time freshman not later than the semester, excluding summer semesters or sessions, immediately following the first anniversary of the date that the student's initial application is received by the administering agency or, if the student joins the United States Armed Forces within one year after completing the home study program, has enrolled in a Louisiana public postsecondary institution as a first-time freshman not later than the semester, excluding summer semesters or sessions, immediately following the fifth anniversary of the date that the student's initial application is received by the administering agency.
 (e) The student meets the eligibility requirements provided in Subparagraph A(1)(f) of this Section.
 (2) Notwithstanding any initial student eligibility requirement of this Chapter to the contrary, a student shall be eligible to receive an Opportunity Award pursuant to this Section provided each of the following conditions are met:
 (a) The student meets the eligibility requirements provided in Subparagraphs (1)(a), (b), and (d) of this Subsection.
 (b) The student has a composite score on the 1990 version of the American College Test which is at least three points higher than that required by this Section for a student graduating from a Louisiana public high school or nonpublic high school which has been approved by the State Board of Elementary and Secondary Education or an equivalent concordant value on an enhanced or revised version of such test or on the Scholastic Aptitude Test.
 (c) The student meets the eligibility requirements provided in Subparagraph A(1)(f) of this Section.
 (3) Notwithstanding any initial student eligibility requirement of this Chapter to the contrary, a student shall be eligible to receive a Performance Award pursuant to this Section provided each of the following conditions are met:
 (a) The student meets the eligibility requirements provided in Subparagraphs (1)(a), (b), and (d) of this Subsection.
 (b) The student has a composite score on the 1990 version of the American College Test which is at least three points higher than that required by this Section for a student graduating from a Louisiana public high school or nonpublic high school which has been approved by the State Board of Elementary and Secondary Education or an equivalent concordant value on an enhanced or revised version of such test or on the Scholastic Aptitude Test.
 (c) The student meets the eligibility requirements provided in Subparagraph A(1)(f) of this Section.
 (4) Notwithstanding any initial student eligibility requirement of this Chapter to the contrary, a student shall be eligible to receive an Honors Award pursuant to this Section provided each of the following conditions are met:
 (a) The student meets the eligibility requirements provided in Subparagraphs (1)(a), (b), and (d) of this Subsection.
 (b) The student has a composite score on the 1990 version of the American College Test which is at least three points higher than that required by this Section for a student graduating from a Louisiana public high school or nonpublic high school which has been approved by the State Board of Elementary and Secondary Education or an equivalent concordant value on an enhanced or revised version of such test or on the Scholastic Aptitude Test.
 (c) The student meets the eligibility requirements provided in Subparagraph A(1)(f) of this Section."
 AMENDMENT NO. 8
On page 27, at the beginning of line 8, change "S." to "R."
Respectfully submitted,
__________________________________ ___________________________________ Representative Charles R. McDonald Senator John L. "Jay" Dardenne, Jr.
____________________________________ ___________________ Representative Emile "Peppi" Bruneau Senator Tom Greene
_____________________________________ _______________________ Representative Robert E. "Bob" Barton Senator Wilson Fields
SCAHB201 BURKHARD2
 SENATE COMMITTEE AMENDMENTS
Amendments proposed by Senate Committee on Education to Reengrossed House Bill No. 201 by Representative McDonald
AMENDMENT NO. 1
On page 4, line 3, change "year" to "two years"
AMENDMENT NO. 2
On page 4, line 21, after "scale insert "through the class graduatingin 1998 and, beginning with the class graduating in 1999, a minimumcumulative grade point average of 2.70 calculated on a 4.00 scale"
AMENDMENT NO. 3
On page 4, line 26, after "Test" insert "through the class graduatingin 1998 and, beginning with the class graduating in 1999, a compositescore on such test of not less than a twenty-one or an equivalentconcordant value on any enhanced or revised version of such testor on the Scholastic Aptitude Test"
AMENDMENT NO. 4
On page 6, line 9, after "Test" insert "through the class graduating in1998 and, beginning with the class graduating in 1999, a composite scoreon such test of not less than a twenty-four or an equivalent concordantvalue on any enhanced or revised version of such test or on theScholastic Aptitude Test"
AMENDMENT NO. 5
On page 7, line 12, after "university" insert "except that the corecurriculum shall be waived for those graduates of 1998 who qualify foran award under Subparagraph A(1)(c) by virtue of being certified as havinggraduated among the top five percent of the graduating class in eachpublic high school or nonpublic high school which has been approvedby the State Board of Elementary and Secondary Education"
AMENDMENT NO. 6
On page 7, line 13, change "A(1)(e)" to "A(1)(c)"
AMENDMENT NO. 7
On page 8, line 25, after "violations" insert "and, if the student hasbeen in the United States Armed Forces and has separated from suchservice, has received an honorable discharge or general dischargeunder honorable conditions"
AMENDMENT NO. 8
On page 12, line 18, after "violations" insert "and, if the student hasbeen in the United States Armed Forces and has separated from suchservice, has received an honorable discharge or general dischargeunder honorable condition"
AMENDMENT NO. 9
On page 13, lines 6 and 7, change "seventeen and three tenths" to "nineteen"
AMENDMENT NO. 10
On page 14, line 26, after "violations" insert "and, if the student hasbeen in the United States Armed Forces and has separated from such service,has received an honorable discharge or general discharge under honorableconditions"
AMENDMENT NO. 11
On page 16, line 2, after "violation" insert "and, if the student hasbeen in the Unites States Armed Forces and has separated from suchservices, has received an honorable discharge or general discharge underhonorable conditions"
AMENDMENT NO. 12
On page 24, line 7, after "based on" insert "the scores on the AmericanCollege Test and then on"
AMENDMENT NO. 13
On page 24, line 11, after "need" insert "The procedure shall providethat reductions of awards made necessary by insufficient appropriationsshall first eliminate the cohort of students who score nineteen on theAmerican College Test through the class graduating in 1998 and thereafterthose who score twenty-one on the American College Test. The procedureshall provide that within that cohort of students, those whose familiesare most able to pay the student's tuition shall be eliminated first.After insufficient appropriations require the elimination of all studentsin such cohort, the procedure shall require repeating the process withthose students in the next highest score cohort."
AMENDMENT NO. 14
On page 27, between line 19 and 20, insert the following:
 "T. In addition to all other provisions of this Section, any student who upon completion of his secondary education would have been eligible for an Opportunity Award under this Section except for failure to meet the core curriculum requirement, the standardized test score requirements, or the grade point average requirement who enters any eligible college or university as a first-time freshman not later than the semester, excluding summer semesters or sessions, immediately following the first anniversary of the date that the student graduated from high school or, if the student joins the United States Armed Forces within one year after graduating from high school has enrolled in an eligible college or university as a first-time freshman not later than the semester, excluding summer semesters or sessions, immediately following the fifth anniversary of the date that the student graduated from high school, who successfully completes forty-eight semester hours, or its equivalent in a college or university that calculates course credit on other than a semester hour basis, with a grade point average of a 3.00 calculated on a 4.00 scale shall qualify for an Opportunity Award for two years provided such student maintains the requirements for continued eligibility for the Opportunity Award as otherwise required in this Section."