662 So.2d 65 (1995)
William COLACURCIO, III
v.
Mr. B. LEDET, d/b/a Russland Enterprises International Video, Inc.
No. 94-CA-1798.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 1995.
*66 Edwin R. Murray, Edwin R. Murray & Associates, New Orleans, for Defendant/Appellant.
Before LOBRANO, ARMSTRONG and WALTZER, JJ.
ARMSTRONG, Judge.
The defendant, Bryan Ledet, d/b/a Russland Enterprises International Video, Inc. (Ledet), appeals from a judgment by the First City Court of New Orleans ordering him to vacate the premises located at 425 Bourbon Street in New Orleans. We now vacate the judgment of the trial court.
The premises in question were owned by Mr. and Mrs. Jerome J. Conforto. On August 4, 1981, the Confortos executed a written lease granting plaintiff P.J., Inc. (P.J.), the right to use 423-425 Bourbon Street for "any legitimate purposes." The term of the lease was August 1, 1981 to May 31, 1996. Plaintiff William Colacurcio, III (W. Colacurcio), president of P.J., signed the lease on behalf of the company.
By written lease dated June 4, 1982, P.J. sublet 423 and 425 Bourbon Street to Bryan Ledet's brother, Kenneth Ledet (K. Ledet).[1] The term of the lease was June 15, 1982 to April 30, 1987. The rental rate was $2,500 per month.
At the time K. Ledet signed the lease for 425 Bourbon Street, he and Bryan Ledet owned and operated a corporation known as Russland Enterprises International Videos, Inc. (Russland Enterprises). Russland Enterprises began operating a business at 425 Bourbon Street.
After the written lease expired on April 30, 1987, the Ledet brothers continued to operate their business at 425 Bourbon. K. Ledet served as president of Russland Enterprises until 1988, at which time he resigned and sold his interest in the company to Bryan Ledet. Bryan Ledet continued to operate the business at 425 Bourbon.
On May 20, 1994, W. Colacurcio filed a rule for possession of premises, seeking to evict Bryan Ledet from 425 Bourbon. The rule stated that Ledet occupied the premises under a verbal lease, and that W. Colacurcio desired possession.
On May 31, 1994, Ledet filed exceptions of no right or cause of action, lack of procedural capacity, vagueness and ambiguity, and nonjoinder of an indispensable party.
After hearing testimony and argument on Ledet's exceptions, the trial court denied the exceptions and, following trial on the merits, rendered judgment in favor of plaintiff Colacurcio. Defendant Bryan Ledet appealed.
On appeal Ledet raises for the first time an exception of lack of subject matter jurisdiction. The exception was not raised in the trial court. However, an exception of lack of subject matter jurisdiction may be raised at any stage of a proceeding, including at the appellate level. Piper v. Olinde Hardware & Supply Co., 288 So.2d 626 (La.1974). The exception of lack of subject matter jurisdiction may even be noticed by an appellate court of its own motion. Tran v. Schwegmann's Giant Super Market, 609 So.2d 887 (La.App. 4th Cir.1992). A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La.C.C.P. art. 3; Tran v. Schwegmann's Giant Super Market, supra. Therefore, we will consider the exception.
First City Court of New Orleans is a court of limited jurisdiction. La.C.C.P. art. 4832. Subject matter jurisdiction of a city court is limited by the amount in dispute and the nature of the proceeding. La.C.C.P. art. 4841. La.C.C.P. art. 4844(A) provides in pertinent part:
A ... city court shall have jurisdiction, concurrent with the district court, over suits by owners and landlords for the possession *67 of leased premises within its territorial jurisdiction, as follows:
* * * * * *
(3) when the lease is by the month and the monthly rental is one thousand five hundred dollars or less.
In the instant case the monthly rental for the premises was $2,500.00 per month.[2] Clearly, the First City Court of New Orleans had no subject matter jurisdiction to entertain this action. Accordingly, the judgment of the First City Court is void. We will vacate the judgment of the trial court and remand this case for transfer to a court of proper jurisdiction.
For the foregoing reasons, the judgment of the First City Court of New Orleans is vacated and this case is remanded for transfer to a court of proper jurisdiction.
VACATED; REMANDED.
NOTES
[1] K. Ledet testified that he signed the lease under the pseudonym "John Heller."
[2] The plaintiff's rule for possession did not specify the amount of monthly rental to establish subject matter jurisdiction. However, the expired lease between P.J.'s Inc. and K. Ledet (as "John Heller"), the original of which is contained in the record and a copy of which was attached to plaintiff's amended rule for possession, provided for monthly rental in the amount of $2,500.00.