RSCHOTT, Chief Judge.
This is an appeal by three police officers from a decision of the Civil Service Commission of the City of New Orleans denying their request that they be allowed to sit for a Captain’s examination because their request was untimely. Because this court has no jurisdiction over the appeal, it is dismissed.
On December 11, 1996, appellants’ attorney sent a letter to the Commission’s Director of Personnel requesting permission to sit for a Captain’s examination scheduled for December 16. They also asked “if it is decided that these men shall not be permitted to sit for the test” that the matter be placed on the agenda for the next meeting of the Commission scheduled for December 18.
Because it snowed on December 18, the Commission entertained appellants at the *1064 meeting of February 13, 1997. The minutes of the meeting reflect that appellants’ attorney addressed the Commission and stated that they had been assigned to a “remote location” which prevented them from hearing about the scheduled examination. In response, the staff personnel advised the Commission that the examination was open for a four week period and notice of it was duly posted.
On April 3,1997, the Director of Personnel wrote to appellants’ attorney advising him that the request was denied because notice was published in accordance with Commission rules for four weeks and because appellants had ample opportunity to apply in a timely manner. The Director pointed out that | sthe appellants could have availed themselves of a process offered by his department of filling out interest cards which would have placed them on a mailing list to receive notices of exams.
Parenthetically we note that appellants’ request to sit in the exam became moot when the exam was over. Their alternative request for a hearing was granted so they have nothing to complain about. Their sole remedy is to apply to sit for the next captain’s examination. They cannot sit for one that took place.
In any event, appellants in their own brief state that this court’s jurisdiction is based upon Art X, § 12(B) of the Constitution. That section applies only to “removal and disciplinary cases.” Appellants argue that it is a disciplinary ease but it is not. It is an appeal from an administrative decision of the Commission concerning the conduct of a promotional test.
Accordingly, this appeal is dismissed.

APPEAL DISMISSED.