ROLAND L. BELSOME, Judge.
I,This is a dispute over the Louisiana Supreme Court’s denial of a request for public records and compliance with the Open Meetings Law. The plaintiffs, the Bureau of Governmental Research (BGR) and its president, Janet Howard, appeal the trial court’s judgment granting an exception of no cause of action. As we lack subject matter jurisdiction, the appeal is dismissed.

FACTS AND PROCEDURAL HISTORY

In response to 2011 House Concurrent Resolution 143 (HCR 143), the Supreme Court formed the “HCR 143 Committee” to study the number and caseloads of the State court judges so that it could make recommendations regarding the appropriate number of judgeships to the Legislature. Consequently, the Committee began an extensive review of the state judicial structure in order to compile a report for the Legislature. On December 23, 2013, while the Committee’s investigation was still underway, the plaintiffs transmitted a communication to Senator Edwin Murray, the Committee chairman, requesting documents related to the Committee’s work and compliance with the Open Meetings Law. The Deputy Judicial Administrator and General Counsel for the |?Supreme Court, Lauren Rocha, responded to the letter and denied the plaintiffs’ request.
To compel compliance, the plaintiffs filed a petition seeking a writ of mandamus, declaratory judgment, and injunctive relief against the Committee and Senator Murray, the alleged custodian of records. In return, the defendants filed declinatory, dilatory, and peremptory exceptions, including a no cause of action exception. After a hearing, the trial court granted the *811 defendants’ exception of no cause of action, finding that the Committee meetings and records were under the exclusive purview of the Louisiana Supreme Court, and, therefore, protected from disclosure. This appeal followed.

LACK OF SUBJECT MATTER JURISDICTION

Though the defendants have not raised an exception of lack of subject matter jurisdiction, an exception on these grounds cannot be waived and may be noticed by an appellate court on its own motion. La. C.C.P arts. 3, 925; Colacurcio v. Ledet, 94-1798, p. 2 (La.App. 4 Cir. 9/28/95); 662 So.2d 65, 66. Additionally, a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. Id.
In this case, BGR’s public records and open meetings request was sent to Senator Murray; however, BGR’s letter was referred to the Judicial Administrator of the Louisiana Supreme Court. Since the Judicial Administrator serves at the direction of the Louisiana Supreme Court,[1] a response by the administrator is deemed to be a response from the Court. When responding to the BGR’s request, the Louisiana Supreme Court explained that the HCR 148 Committee was an | ¡¡advisory body to the Court. It clarified that the public records requested were the work product of the committee, and under the “superintendency and control” of the Court. It also mentioned that, the Court “has a constitutional, inherent duty and responsibility to determine when and under what circumstances material under its superintendency and control should be shielded from disclosure.” The Court specifically pointed to its holding in Bester v. Louisiana Supreme Court Committee on Bar Admissions, 00-1360, p. 12 (La.2/21/01); 779 So.2d 715, 721, which held that “an additional limited exception to' public disclosure exists for documents we determine should remain confidential, in situations where we are exercising our inherent authority as the head of a separate and independent branch of state government.” For those reasons, it asserted that the documents requested were exempt from disclosure. Citing to Imbornone v. Early, 401 So.2d 953, 957 (La.1981), the Court further expressed that the judiciary was not subject to the Open Meetings Law.
The Louisiana Supreme Court, as “the final arbiter of the meaning of the state constitution and laws,” has the duty to interpret and apply the constitution and the laws of this State. State v. Peart, 621 So.2d 780, 790 (La.1993) (quoting St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 822 (La.1992) (Dennis, J., concurring)). In addition, the constitution endows the Court with “general supervisory jurisdiction over all other courts.” Id. (citing La. Const. art. V, § 5). The Court also possesses inherent powers “to do all things reasonably necessary for the exercise of [its] functions.... ” Id., 621 So.2d at 790-91 (quoting Konrad v. Jefferson Parish Council, 520 So.2d 393, 397 (La.1988)).
The plaintiffs’ request for relief places this Court in a peculiar position. Specifically, we are asked to reclassify documents the Louisiana Supreme Court |4has already determined are confidential and exempt from the Public Records Law. The reply letter makes clear that the Louisiana Supreme Court was functioning as a separate and independent branch of government when denying BGR’s request for records and open meetings. Trial and intermediate appellate courts operate as inferior courts subject to the general juris *812 diction of the Louisiana Supreme Court, not the reverse. See Peart, supra. Since we have no supervisory authority over the Supreme Court when it is functioning as a separate and independent branch of government, we lack jurisdiction over the subject matter at issue. Colacurcio, supra. For these reasons, the appeal is dismissed.
APPEAL DISMISSED.

. See La. Const. art. V, § 7; and La. Sup.Ct. Rules, Rule 22, § 7-8.