PAUL HELLMERS, ET AL.

VERSUS

DEPARTMENT OF FIRE

\*     NO. 2019-CA-0420

\*

\*     COURT OF APPEAL

\*

\*     FOURTH CIRCUIT

\*

    STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 8594  C\W 8629, 8649, 8692,

\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

Christina L. Carroll
Louis L. Robein, III
ROBEIN URANN SPENCER PICARD & CANGEMI, APLC
2540 Severn Avenue, Suite 400
Metairie, LA 70002

    COUNSEL FOR PLAINTIFF/APPELLEE


Sunni J. LeBeouf
CITY ATTORNEY
Elizabeth Robins
DEPUTY CITY ATTORNEY
William R. H. Goforth
Donesia D. Turner
ASSISTANT CITY ATTORNEY
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLANT

**APPEAL DISMISSED**
**October 30, 2019**

Appellees, Jay Fielding, Paul Hellmers, Edward Poole, and Michael Salvaggio (collectively, the "Firefighters"), firefighters employed by Appellant, Department of Fire, City of New Orleans ("NOFD"), filed a protest with the personnel director (the "director") of the Civil Service Commission, City of New Orleans ( the "Commission"), regarding NOFD's decision to not promote them to fire district chiefs. After evidentiary hearings[1] and submission of briefs by the parties, the director issued a decision on November 8, 2018, wherein the director ruled in favor of the Firefighters and promoted them to the positions of fire district chiefs. NOFD requested that the Commission investigate the director's decision. On February 7, 2019, the Commission denied the request. The NOFD filed a notice of intent to appeal the Commission's denial which was granted.

We find, *sua sponte*, for the reasons discussed *infra*, that this Court lacks subject matter jurisdiction and dismiss the appeal.

---

[1] A hearing officer conducted evidentiary hearings on October 18, 2017, and November 13, 2017, and issued an initial report.

1

## FACTUAL/PROCEDURAL HISTORY

The Commission, as part of the Civil Service Department, City of New Orleans ("Civil Service Department"), governs the employees of NOFD. *See Akins v. Hous. Auth. of New Orleans*, 03-1086, p. 2 (La. App. 4 Cir. 9/10/03), 856 So.2d 1220, 1221 (citing La. Const. art. 10, §10(A)) (wherein this Court held "[i]t is well established in our jurisprudence that the Civil Service Commission has exclusive jurisdiction over classified civil service employer-employee disputes that are employment related.").

Timothy McConnell serves as superintendent of the NOPD. In 2016, Superintendent McConnell requested from the Civil Service Department a list, from the previously administered 2011-2012 civil service test, of eligible candidates to fill five positions for fire district chief. There were eighteen candidates on the list ranging from bands 13-18.[2] Out of the eighteen, two of the candidates retired and one withdrew his name, leaving fifteen eligible candidates. As part of the process to be considered for the promotion, Superintendent McConnell required each candidate to submit a resume, and Superintendent McConnell along with three deputy superintendents interviewed the interested

---

[2] In the director's decision, the director referenced the testimony from one of the evidentiary hearings of a retired personnel administrator, Richard Carter, who supervised the test development and validation division of the Department of Civil Service. The director referenced that Mr. Carter explained the use of "banding" in the scoring and ranking of successful candidates:

> Banding is used to address race and gender discrimination and by its nature addressed diversity issues. A statistical formula is used for determining the band width. Those individuals within the same band are considered tied so their actual score is not reported, although the candidates are listed in band order. . . .

> A higher test score is a verified indicator of better performance on the job.

candidates. Five of the fifteen candidates were promoted. Four of the Firefighters that were not promoted protested NOFD's decision pursuant to City of New Orleans Civil Service Rules ("Civil Service Rules"), Rule VI, section 6.1, which provides:

> If any qualified candidate or employee, whose name appears on a verified appointment or promotional list, believes that his appointment, allocation or promotion has been improperly denied, he may protest the denial of such by presenting such forms or documents as the Director may prescribe. The Director, or any person designated by him, may hold special hearings to determine the facts of each case and the Director shall make his decision on the basis of the written statements and forms presented by the employee and on the facts brought out in the hearing. **The employee shall have the right to appeal to the Commission** if dissatisfied with the action of the Director. (emphasis added).

The Firefighters alleged that the promotional procedures utilized by NOFD were not competitive and not merit based, in violation of La. Const. art. 10, § 7, and Civil Service Rules, Rule VI, sections 2.1 and 3.1.[3]

In accordance with Civil Service Rules, Rule VI, section 6.1, evidentiary hearings, administered by the hearing officer, were held and briefs were submitted by the parties. On November 8, 2018, the director issued a decision, finding that the NOFD's promotional decisions violated the La. Const. art. 10, §7, Civil Service

---

[3] La. Const. art. 10, § 7:

> Permanent appointments and promotions in the classified state and city service shall be made only after certification by the appropriate department of civil service under a general system based upon merit, efficiency, fitness, and length of service, as ascertained by examination which, so far as practical, shall be competitive. The number to be certified shall not be less than three; however, if more than one vacancy is to be filled, the name of one additional eligible for each vacancy may be certified. Each commission shall adopt rules for the method of certifying persons eligible for appointment, promotion, reemployment, and reinstatement and shall provide for appointments defined as emergency and temporary appointments if certification is not required.

Rules, Rule VI, sections 2.1[4] and 3.1[5], and the Firefighters' rights to due process.[6]

In addition, the director set forth the remedy and promoted the Firefighters to fire district chiefs:

> Because the Fire Superintendent promoted candidates on March 6, 2016, from lower bands than . . . Michael Salvaggio, he is ordered promoted retroactive to March 6, 2016. Because the Fire Superintendent promoted an additional candidate on May 15, 2016, from a lower band than . . . Paul Hellmers, Edward Poole, and Jay Fielding, they are ordered promoted retroactive to May 15, 2016. If this is not possible, then it is ordered that the individuals be promoted once vacancies become available and be compensated with the difference in salary retroactively from the dates they should have been

---

[4] Civil Service Rules, Rule VI, section 2.1:

> Whenever an appointing authority proposes to fill a vacancy in the classified service, the appointing authority shall submit to the Department a statement showing the position to be filled, the duties thereof, the necessary and desirable qualifications of the person to be appointed thereto, and the proposed class, if known. The Department shall approve or deny the position allocation within seven (7) days for existing classifications and fifteen (15) days for new classifications, exclusive of Commission approval. The Department shall announce each vacancy within thirty (30) days of an approved allocation. The Department shall not withhold reasonable approval of the request unless it can demonstrate that the request violates the principles of the merit system. For the purposes of allocating positions to a class, the Department shall interpret the existing classes broadly and in accordance with Rule III Section 2.1, including, when appropriate, waiving supervisory requirements and allowing a department to leverage classes used by other departments for efficiency. If the appointing authority and the Director disagree on the position's minimum qualifications or the class allocation and are unable to resolve their disagreement, the issue may be brought before the Commission for a decision.

[5] Civil Service Rules, Rule VI, section 3.1:

> Upon a request from the appointing authority to fill a position other than by demotion, transfer, or reinstatement, the Department shall provide to the appointing authority the names of all candidates certified by the Department to meet the minimum qualifications, to have passed the examination, if any, and met any selective certification requirements requested by the appointing authority and approved by the Personnel Director. The number of names to be certified shall not be less than three. The Personnel Director may authorize an appointing authority to conduct examinations and may establish policies for appointing authority administered examinations. Such examinations shall be job-related and designed to assess applicants based on merit, efficiency, fitness, and length of service.

[6] The director noted in its decision that "[t]he Civil Service Commission recognizes that discrimination and disparate impact were not the focus of the hearing and that neither Party addressed allegations of discrimination during the course of the hearings."

promoted until they are actually promoted to remediate their respective losses.

Thereafter, the Firefighters filed, with the Commission, a motion seeking to enforce the director's decision which was denied.[7]

In turn, NOFD sought review of the director's decision, requesting the Commission to investigate the director's November 8, 2018 decision. *See* La. Const. art. 10, §10(B) ("Each commission may investigate violations of this Part and the rules, statutes, or ordinances adopted pursuant hereto."). Initially, the Commission deferred NOFD's request to investigate the director's November 8, 2018 decision to await this Court's decision in *Achord v. Dep't of Fire*, 18-0635 (La. App. 4 Cir. 12/27/18), __ So.3d ___,[8] *writ denied*, 19-0506 (La. 6/17/19), 274 So.3d 1261 ("*Achord*"). In *Achord*, qualified firefighters employed by the NOFD were initially denied promotions to fire captains by the NOFD. Pursuant to Civil Service Rules, Rule VI, section 6.1, the firefighters protested the decision to the director, and the director issued a decision wherein it found these firefighters were improperly denied promotions in violation of the Civil Service Rules and the Louisiana Constitution. The director recommended these firefighters be promoted to fire captains. NOFD requested the Commission to investigate the director's decision; the Commission granted the request and issued a decision which found NOFD improperly denied the promotions in violation of the Civil Service Rules and the Louisiana Constitution. However, the commission found it lacked authority to promote the firefighters to captains. The firefighters filed an appeal

---

[7] The appellate record includes a notice of intent filed by the Firefighters to appeal the Commission's denial of their motion to enforce; however, there is no signed ordered by the Commission, and no cross-appeal was filed by the Firefighters.

[8] 2018 WL 6815069.

with this Court pertinently asserting two claims—NOFD did not have the right to "appeal" the director's decision to the Commission, and the Commission erred in failing to remedy NOFD's constitutional violations. As to the first claim, this Court held, in pertinent part:

> The NOFD concedes that [Civil Service Rules, Rule, VI,] section 6.1 does not authorize the NOFD to appeal the Personnel Director's decision. The NOFD points out, however, that La. Const. art. [10], § 10(B) grants the Commission the discretionary power to "investigate violations [of Article [10]] and the rules, statutes, or ordinances adopted pursuant hereto." According to the NOFD, the Commission properly exercised its constitutional authority to investigate the Firefighters' protests that the NOFD's promotions were not merit-based and competitive, as required by La. Const. art. [10], § 7. We agree. . . .

*Id.*, 18-0635, pp. 6, ___ So.3d at ___. As to the second claim, this Court reversed that part of the Commission's decision denying the firefighters a remedy and held that the Commission had the authority to order the promotions of the firefighters to the positions of fire captains. *Id.*, 18-0635, pp. 11-12, ___ So.3d at ___.

Following the opinion in *Achord*, NOFD renewed its request to the Commission to investigate the director's November 8, 2018 decision. The Commission denied the request and issued a minute entry on February 7, 2019, which provided, in pertinent part:

> After hearing arguments from the Parties, the Commission DENIED the Appointing Authority's [NOFD] request and chose not to exercise its discretionary authority to investigate the alleged constitutional violations inherent in the Fire District Chief promotions. . . .
>
> As a result of the Commission's denial, the Personnel Director's decision and remedy shall become final as of the date this minute entry is rendered. Specifically, the following elements of her decision are now final; 1) Applicant Salvaggio shall be promoted to the position of Fire District Chief effective March 6, 2016, with all applicable back pay and emoluments of employment; 2) Applicants Hellmers, Poole and Fielding shall be promoted retroactive to May 15, 2016 with all applicable back pay and emoluments of employment.

6

The Parties should direct any questions regarding the implementation of the Personnel Director's decision to the Personnel Director.

NOFD filed a notice of intent with the Commission seeking an appeal to this Court of the Commission's denial, and the Commission granted NOFD's request. This appeal follows wherein NOFD essentially assigns two errors:[9]

(1)"The Commission's February 7, 2019 decision was arbitrary and capricious and abuse of the Commission's discretion;" and

(2) The director's decision was manifestly erroneous.

Before NOFD's assigned errors can be addressed, we must determine whether this case is properly before this Court.

**JURISDICTION**

Appellate courts have a duty to determine, *sua sponte*, whether the court has proper jurisdiction to consider the merits of an appeal filed in the court.[10] *State through Morrell v. City of New Orleans through Landrieu*, 17-0110, p. 8 (La. App. 4 Cir. 12/21/17), 234 So.3d 1071, 1077 (citing *Moon v. City of New Orleans*, 15-

---

[9] Appellant sets forth the following as assigned errors:

1. The Commission erroneously ordered NOFD to retroactively promote the Appellees without reviewing the substance of the Personnel Director's findings or the propriety of the remedy.

2. The Personnel Director erroneously decided that Appellees were "improperly denied" a promotion.

3. The Personnel Director erroneously found that NOFD violated Article X, § 7 of the Louisiana Constitution.

4. The Personnel Director erroneously found that NOFD made promotions in violation of the Civil Service Rules . . . Rule VI, [sections] 2.1 and 3.1.

5. The Personnel Director erroneously found that NOFD's promotion decisions violated the Appellees' Rights to Procedural Due Process.

6. The Personnel Director and the commission erroneously ordered the Appellees to be retroactively promoted.

[10] On its own motion, this Court ordered NOFD to show cause why the appeal should not be dismissed for lack of appellate jurisdiction, and NOFD responded.

1092, 15-1093, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425). An appellate court cannot determine the merits of an appeal unless its jurisdiction is properly invoked by a valid final judgment. *Bd. of Supervisors of La. State Univ. and Agric. and Mech. College v. Mid City Holdings, L.L.C.*, 14-0506, p. 2 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910. "An appeal can be dismissed . . . for lack of jurisdiction of the appellate court, or because there is no right to appeal . . . ." La. C.C.P. art. 2162. This Court, in *State through Morrell v. City of New Orleans through Landrieu*, 17-0110, pp. 9-10, 234 So.3d at 1078, pertinently explained:

> Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings based upon the object of the demand, the amount in dispute, or the value of the rights asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived; a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3 and La. C.C.P. art. 925; *Boudreaux v. State, Dept. of Transp. and Development*, 2001-1329, p. 7 (La. 2/26/02), 815 So.2d 7, 12.

The jurisdictional question to be answered, in the case *sub judice*, is whether the Commission's denial of NOFD's request to investigate the director's decision is a final appealable judgment of which this Court has subject matter jurisdiction. After reviewing the applicable Civil Service Rules, Louisiana constitutional articles, and jurisprudence, we conclude it is not.

The Commission, which governs the employees of the NOFD, functions as a governmental hybrid whereby it exercises powers similar to those exercised by all three branches of government—executive, legislative, and quasi-judicial. *See Wooley v. State Farm Fire & Cas. Ins. Co.*, 04-882, p. 23 (La. 1/19/05), 893 So.2d 746, 763 (citing *Albe v. Louisiana Workers' Comp. Corp.*, 97-0581, p. 8

8

(La.10/21/97), 700 So.2d 824, 828).  The executive and legislative powers of the

Commission originate from La. Const. art. 10, §10 which pertinently provides:

> **(A) Rules. (1) Powers.** (a) Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety.
>
> * * *
>
> **(4) Effect.** Rules adopted pursuant hereto shall have the effect of law and be published and made available to the public. Each commission may impose penalties for violation of its rules by demotion in or suspension or discharge from position, with attendant loss of pay.
>
> **(B) Investigations.** Each commission *may* investigate violations of this Part and the rules, statutes, or ordinances adopted pursuant hereto. (emphasis added).

In *Thoreson v. State Dept. of Civil Service*, 396 So.2d 367, 369 (La. App. 1st Cir.

1981), the First Circuit recognized, pursuant to La. Const. art. 10, §10, a

commission has "both legislative and executive power and authority."  The quasi-

judicial powers of the Commission are derived from the Civil Service Commission

Rules and the Louisiana Constitution.[11]  *See Thorseon*, 396 So.2d at 369 (wherein

---

[11] If a Civil Service employee's dispute involves disciplinary, removal, and discrimination actions—such actions not at issue in this case—La. Const. art. 10, § 8 and 12 provides that employees can appeal a decision to the Commission, and the Commission's decision shall be subject to appellate review on any question of law or fact by the court of appeal wherein the Commission is located. *See Carbonnet v. Dep't of Civil Serv.*, 97-1187, p. 3 (La. App. 4 Cir. 1/28/98), 706 So.2d 1063, 1064 (wherein this Court explained, that La. Const. art 10, § 12(B) applies only to removal and disciplinary cases); *Achord*, 18-635, p. 6, __ So.3d at ___ fn 2 (wherein this Court noted that "La. Const. art. [10], § 8 and art. [10], § 12 set forth the full extent of the Commission's power to hear appeals.  These provisions do not authorize the Commission to hear appeals challenging promotional decisions unless the appellant has alleged discrimination based on the appellant's political or religious beliefs, sex, or race.").

the First Circuit noted the Commission's "judicial jurisdiction."). An example of the Commission's grant of quasi-judicial power is set forth in Civil Service Rules, Rule VI, Section 6.1, discussed *supra*, which allows the employee to protest the denial of his/her promotion to the director, and the right of the employee to appeal the director's decision to the Commission.[12] In addition, the Commission has discretion to entertain appeals under it executive and legislative functions pursuant to La. Const. art. 10, §10. *See Thoreson*, 396 So.2d at 369 (wherein the First Circuit held that the State Civil Service Commission had discretion to entertain appeals "to exercise [the commission's] executive and legislative functions," pursuant to La. Const. art. 10, §10.). When the Commission issues a decision under its quasi-judicial powers, the decision is subject to appellate review.[13] *See Achord*, __ So.3d __ (wherein the Commission chose to exercise its discretion under its executive and legislative power by granting NOFD's request to

---

[12] *See also*, Civil Service Rules, Rule II, Section 4.1 (employees have right to appeal to the Commission disciplinary actions); Civil Service Rules, Rule II, Section 4.5 (employees have right to appeal to the Commission actions involving discrimination because of the employees political or religious beliefs, sex, race, age, disability or sexual orientation); Civil Service Rules, Rule II, Section 4.20 (decisions decided by the Commission under Rule II can be appealed to this Court).

[13] In *Thoreson v. State Dept. of Civil Service*, 396 So.2d 367 (La. App. 1st Cir. 1981), the State Civil Service Commission dismissed a complaint by fifty-nine engineers of the Department of Transportation and Development regarding inequitable implantation of the Uniform Pay Plan for lack of jurisdiction. The commission concluded its jurisdiction was limited to disciplinary, removal, and discriminatory actions under La. Const. art. 10, § 8 and 12. On appeal, the First Circuit held that the commission also had discretion to entertain appeals pursuant to La. Const. art. 10 § 10. On remand, the commission *issued an opinion* and declined to grant any relief to the affected engineers. In the opinion, the commission rejected the engineers' argument that the pay plan implemented by the DOTD offended the Constitution or the civil service rules and found that any variance in pay was not a result of discriminatory application of the plan. The engineers appealed. *Thoreson v. Dep't of State Civil Serv.*, 433 So.2d 184, 187 (La. App. 1st Cir. 1983). On appeal, the First Circuit reversed the commission's decision. Additionally, in addressing a declinatory exception regarding subject matter jurisdiction raised by the State Civil Service Department, the First Circuit held that the plaintiffs' complaints challenging the manner in which the uniform pay plan fell within the judicial power of the commission because an appeal may be made to the commission by any person who alleges he/she has been discriminated against by the application of a pay plan and that the appellate court had full appellate jurisdiction to entertain an appeal from the Commission. *Id.* at 210.

investigate the director's decision regarding the firefighters' promotions, and it exercised its quasi-judicial power when it rendered a decision of which this Court had subject matter jurisdiction).

NOFD, as a governmental agency, is a juridical person, and as a creature of the law and by definition, has no more legal capacity than the law allows. *Brown v. State Farm Fire & Cas. Co.*, 00-0539, p. 4 (La. App. 1 Cir. 6/22/01), 804 So.2d 41, 45 (citing Yiannopoulos, *Louisiana Civil Law Systems* § 53.) Unlike a NOFD employee's guaranteed right to appeal a director's' decision to the Commission, NOFD, as a governmental agency, does not have a constitutionally guaranteed right of judicial review and "necessarily must rely upon and comply with statutory provisions for such review." *Loop*, *Inc, v. Collector of Revenue,* 523 So.2d 201, 202 (La. 1987)(citations omitted); *City of Baton Rouge v. Bethley*, 09-1840, p. 6 (La. App. 1 Cir. 10/29/10), 68 So.3d 535, 539. In the case *sub judice*, the only avenue NOFD had to seek review of the director's decision was subject to the Commission's discretion under La. Const. art. 10, §10(B). *See Achord*, 18-635, p.7, __ So.3d at ___ (wherein NOFD conceded that Civil Service Rules, Rule VI, section 6.1 did not authorize it to appeal the personnel director's decision). The Commission chose not to exercise its discretion which was a decision that fell under the Commission's executive and legislative power and authority—powers separate and independent from its quasi-judiciary power.[14] As a result, there was

---

[14] In *Bureau of Governmental Research v. HCR 143 Comm.*, 14-0387 (La. App. 4 Cir. 10/8/14), 151 So.3d 809, 811-12, a public records request was made regarding records and notes from one of the Supreme Court's committees. The Deputy Judicial Administrator and General Counsel for the Supreme Court responded to the letter and denied the plaintiffs' request. Plaintiffs sought review of the denial by this Court. This Court, on its own motion, found it lack subject matter jurisdiction:

> The plaintiffs' request for relief places this Court in a peculiar position. Specifically, we are asked to reclassify documents the Louisiana Supreme Court

no final appealable decision by the Commission over which this Court has subject matter jurisdiction.[15]

## CONCLUSION

Accordingly, based on the foregoing reasons, this Court concludes that the Commission's denial of NOFD's request to investigate was not a final appealable judgment over which this Court has subject matter jurisdiction. NOFD's appeal is hereby dismissed.

**APPEAL DISMISSED**

---

has already determined are confidential and exempt from the Public Records Law. **The reply letter makes clear that the Louisiana Supreme Court was functioning as a separate and independent branch of government when denying BGR's request for records and open meetings.** Trial and intermediate appellate courts operate as inferior courts subject to the general jurisdiction of the Louisiana Supreme Court, not the reverse. . . Since we have no supervisory authority over the Supreme Court when it is functioning as a separate and independent branch of government, we lack jurisdiction over the subject matter at issue. . . . For these reasons, the appeal is dismissed. (emphasis added).

*Id.*, 14-0387 (La. App. 4 Cir. 10/8/14), 151 So.3d 809, 811-12, (citations omitted).

[15] We reject NOFD's argument that the Commission, just as in *Achord*, rendered a decision, when it referenced in the minute entry that the director's decision became final as of the date the minute entry was entered and set forth the director's remedy promoting Firefighters. In the minute entry, set forth *supra*, the Commission made clear it was not exercising its discretion to investigate the director's decision.