| CRESCENT CITY LODGE #2, | * | NO. 2020-CA-0411 |
| FRATERNAL ORDER OF | | |
| POLICE, INC., ITS | * | COURT OF APPEAL |
| PRESIDENT WALTER | | |
| POWERS, JR., ON BEHALF OF | * | FOURTH CIRCUIT |
| ITS MEMBERS, AND WILLIE | | |
| JENKINS, III AND NEW | * | STATE OF LOUISIANA |
| ORLEANS FIRE FIGHTERS | | |
| ASSOCIATION, IAFF LOCAL | * | |
| 632, AND ITS MEMBERS | | |
| | * | |
| VERSUS | * * * * * * * | |
| | | |
| NEW ORLEANS CIVIL | | |
| SERVICE COMMISSION | | |

*SCJ*

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent. I find that this Court has no jurisdiction to review the May 26, 2020 minute entry decision by the Commission, and, accordingly, I would dismiss the appeal.

Appellate courts have a duty to determine, *sua sponte*, whether the court has proper subject matter jurisdiction to consider the merits of an appeal. *Moon v. City of New Orleans*, 15-1092, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425. "An appeal can be dismissed … for lack of jurisdiction of the appellate court, or because there is no right to appeal, …". La. C.C.P. art. 2162.

The right to appeal a City Civil Service Commission decision directly to the appellate court is found in La. Const. Art. X, §12(B), which provides as follows:

> Each city commission established by Part I of this Article shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of a commission shall be subject to review of any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.

1

Section 12(B) specifically provides for the Commission's power and authority to hear and decide all discipline and removal cases. However, Section 12(B) does not confer a specific right to appeal non-disciplinary and removal decisions by the Commission to the court of appeal. In *Carbonnet v. Dept. of Civil Service*, this Court dismissed an appeal from an administrative decision of the Commission and noted that La. Const. Art. X, §12(B) "applies only to 'removal and disciplinary cases.'" 97-1187, p. 3 (La. App. 4 Cir. 1/28/98), 706 So.2d 1063, 1064; *see also, Cotrell v. Div. of Housing and Neighborhood Development*, 02-0816, p. 5 (La. App. 4 Cir. 10/16/02), 830 So.2d 1083, 1086 ("the inclusion of such specific rights to appeal to this Court in disciplinary and discrimination cases would imply that such a direct right of appeal to this Court would not lie as to other matters."). Therefore, I find that the Louisiana Constitution and applicable jurisprudence do not support our exercise of subject matter jurisdiction in this case.

In addition, I find nothing in the record before this Court upon which to make any legal determination regarding the Commission's decision. The Commission considered the request of Appellants to be paid in accordance with Civil Service Rule IV, §11.1, based solely on a review of the March 11, 2020 Mayoral Proclamation of a State of Emergency and the March 22, 2020 Chief Administrative Office Memorandum. Other than the May 26, 2020 minute entry decision rendered by the Commission, the record has no proceedings or process to review. I find nothing for this Court to review on issues of fact or law.

For the foregoing reasons, I would dismiss the appeal.