liBYRNES, Judge.
On September 20, 1989, firefighters Keith Noya, Terrell Hampton, Michael Lang-ston and Harry Morter were terminated from their positions with the Rescue Squad. They appealed their dismissal to the City ' Civil Service Commission which ordered that they be “reinstated to their former positions with the New Orleans Fire Department at their work location to which they were assigned as of September 20,1989_”
After serving only nine tours of duty with the Rescue Squad subsequent to reinstatement, i.e., only nine working days extending over twenty-seven calendar days, the Fire Superintendent transferred them off of the Rescue Squad.
The firefighters appealed the transfer to the Civil Service Commission alleging that it was retaliatory in nature, essentially because it involved a five percent reduction in compensation.[1] The Civil Service Commission *280 held that there was no cause of action for a retaliatory transfer. This Court affirmed. Noya 2v. Department of Fire, 607 So.2d 713 (La.App. 4 Cir.1992). Judge Barry dissented, saying that “the Commission had effectively circumvented its own reinstatement order.” The Supreme Court reversed and remanded. Noya v. Department of Fire, City of New Orleans, 609 So.2d 827 (La.1992).
On remand, the Civil Service Commission once again held, in effect, that the claimants had no cause of action for their removal from their positions as Rescue Squad members. The decision of the Civil Service Commission takes the position that, “The Appointing Authority must, and should have, complete discretion in the assignment of personnel under its command ...” This statement is impossible to reconcile with the Commission’s previous order of reinstatement which was very specific as to exactly how the plaintiffs are to be reinstated. Obviously, the discretion of the “Appointing Authority” is subject to limitation by court order and the orders of the Civil Service Commission.
The Civil Service Commission characterized the change in the firefighters’ job description on remand as a “reassignment” rather than a “transfer.” We find this to be a casuistry, a distinction without a difference, an attempt to circumvent the previous order of reinstatement and the remand of the Supreme Court.
Hampton was the only witness who gave live testimony before the Commission on remand from the Supreme Court. It was stipulated that Noya and Langston would have testified to the same effect had they testified. The City offered no countervailing testimony or evidence. There is nothing internally inconsistent in Hampton’s testimony, nor is it contradicted by any objective evidence. Therefore, in effect, we have before us the uncontradicted testimony of all three claimants. That testimony established that within nine working days of |3their reinstatement by order of the Civil Service Commission they were “reassigned”, “transferred”, or whatever euphemism one might wish to apply, to job duties that were not as well paying and did not involve the same level of expertise. The City contends that, “Appellants loss of the 5% pay differential is the result of the transfer from the position and not a reduction in pay.” We note that a 6% reduction in pay is not inconsequential. The City attempts to justify this by arguing that the members of the Rescue Squad are required to have additional training and education beyond that of a regular firefighter and that when the claimants were reassigned they no longer had to meet these additional requirements. Therefore, the City reasons that they are really being paid the same because less is being required of them. Again we detect a casuistry, a distinction without a difference. This argument conveniently ignores the fact that presumably the claimants already had met the requirements for additional training and education or they would not have been on the Rescue Squad to begin with, and the City does not contend otherwise. Reducing the City’s position to the absurd, the same reasoning would allow an employer to contend that a reassignment from company president to janitor was really not an adverse action because the drastic reduction in pay was accompanied by a commensurate reduction in responsibility, so the employee should be just as happy in one position as in the other. The City’s argument boils down to the statement found in its brief that:
Since the appellants are no longer performing the work, they are no longer entitled to the additional pay.
We also infer from the record that regardless of how the “Rescue Squad” was classified or located on the official organizational chart, because it involved work that was more highly regarded, a position on the Rescue Squad offered |4potentially enhanced opportunities for advancement superior to those available to plaintiffs as a result of their reassignment. Therefore, as a result of the reassignment plaintiffs suffered reduced compensation, loss of prestige, and diminish *281 ed opportunity for advancement — hardly what we think was intended by the very specific language of the reinstatement order.
The City’s position might have merit if it could be shown that the claimants had requested the reassignment, but were insisting unreasonably on continuing at the same rate of compensation; or if the record showed that the City had any valid non-retaliatory reason for the reassignment. But where as here the claimants have shown that the City reinstated the claimants under duress of Commission order, only to move them, reassign them, transfer them, or whatever one might wish to call it, without reason, less than one month later, to less prestigious and less remunerative job duties with diminished opportunity for advancement, the burden is on the City to justify its position. The City made absolutely no effort to do so.
Unsubstantiated arguments of counsel for the City, such as “the position became overstaffed” during the time when claimants were improperly suspended are not evidence, by which we do not mean to indicate that this Court would necessarily find such an argument persuasive even if substantiated. If overstaffing were indeed the reason, the reason existed at the time of reinstatement, but the City was still required to reinstate the claimants in their former positions. There is nothing in the record to show that anything occurred or that there was any change in circumstance during the 27 days that elapsed between the time the claimants were reinstated and the time they were transferred off of the Rescue Squad to warrant the transfer. Had there been any justification for such a move j ¾⅛ would have been peculiarly within the province of the City to possess such information. The failure of the City to come forward with any such information must be held against the City in view of the suspicious timing of the transfers.
The claimants were never furnished with any reason for this action. The claimants did not testify that they had been told that they were being reassigned for retaliatory purposes, but we would not expect their supervisors to volunteer such information. We feel that under this set of facts the burden was on the City to show that the reassignment was made for valid reasons.
The City argued that the reassignment was made in order to place better qualified persons on the Rescue Squad, but the City introduced no evidence and called no witnesses to back up that assertion. The City does not argue that the claimants were not qualified for the positions they previously held on the rescue squad. We find no more merit in this argument than we did in the City’s overcrowding argument.
The decision of the Civil Service Commission explicitly and implicitly takes the position throughout that the burden of proof is on the plaintiffs. In spite of the total absence of evidence from the City the decision resolves every inference against the plaintiffs, the only parties to produce any evidence, which evidence stands uncontra-dicted. This is error. As explained above, because of the suspicious timing of the transfers immediately after the very explicit order of reinstatement, the burden is on the City to produce a non-retaliatory explanation for the transfer, if there is one.
For the foregoing reasons the ruling of the Civil Service Commission is reversed, and the City is ordered to reinstate the claimants in their positions on the | ¡¡Rescue Squad together with any differential in pay or benefits retroactive to the date they were transferred from the Rescue Squad, all in accordance with the requirements of the Civil Service Commission order of January 22, 1991.

REVERSED AND RENDERED.

JONES, J., concurs with reasons.
CIACCIO J., concurs in the result for the reasons assigned by JONES, J.

. Henry Morter has dropped his claim. Apparently he did not suffer a five percent reduction in *280 compensation. The record does not explain why he was treated better than the remaining three claimants.