| MARLAN HYDE, SR. | * | NO. 2025-CA-0114 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| NEW ORLEANS FIRE | * | |
| DEPARTMENT | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9592, ""
Hearing Examiner Imtiaz A. Siddiqui,
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Monique G. Morial)

Louis L. Robein, III
Zachary Shepherd
ROBEIN URANN SPENCER PICARD & CANGEMI, APLC
2540 Severn Avenue, Suite 400
Metairie, LA 70002

     COUNSEL FOR PLAINTIFF/APPELLANT

James M. Roquemore
Deputy City Attorney
William R. H. Goforth
Deputy City Attorney
Corwin M. St. Raymond
Chief Deputy City Attorney
Donesia D. Turner
City Attorney
1300 Perdidio Street, Room 5E03
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**AUGUST 28, 2025**

This is an appeal from a decision rendered by the City of New Orleans Civil Service Commission (the "Commission"). Plaintiff/appellant, Marlan Hyde ("Hyde"), seeks to appeal the Commission's October 3, 2024 decision, which denied his appeal of his transfer by the New Orleans Department of Fire ("NOFD") from the Fourth Fire District to the Third District. For the reasons that follow, we affirm the Commission's decision.

## FACTS AND PROCEDURAL HISTORY

At all pertinent times, Hyde had permanent status as a fire captain with NOFD. On December 17, 2023, Hyde engaged in a physical altercation with another fire captain, Craig Armant ("Captain Armant"), at a fire station in the Fourth District where they both worked. Following the altercation, NOFD initiated an investigation into the incident.

On January 24, 2024, NOFD charged Hyde with violating its departmental rule RR-25, which provides that, "[t]hreats or acts of physical violence against the public or other members is strictly prohibited." A pre-disciplinary hearing was conducted on March 20, 2024. At the hearing, Hyde, through his representative,[1]

_____

[1] La. R.S. 33:2181(5) provides:

raised NOFD's failure to complete the investigation into the December 17, 2023 incident within sixty days, as required by the Firefighters Bill of Rights, La. R.S. 33:2181 *et seq.*, and requested that the disciplinary matter be "thrown out immediately."[2] The request was denied.

On March 25, 2024, Deputy Chief Larry White verbally informed Hyde that NOFD was transferring him to a fire station in the Third District. Hyde objected to the transfer and requested a meeting with the Superintendent of Fire of NOFD, Roman Nelson, to discuss the transfer. Superintendent Nelson and Deputy Superintendent of Operations Armand Bourdais met with Hyde and his representative the following day at fire headquarters. During this meeting, Superintendent Nelson informed Hyde that no disciplinary action would be taken against him for the December 17, 2023 incident, but that he was being transferred due to safety concerns.

Hyde was transferred to the Third District effective March 28, 2024. NOFD issued a letter to Hyde on April 18, 2024, informing him that no action would be

---

The fire employee shall be entitled to the presence of his counsel or representative, or both, at any interrogation in connection with the investigation. The fire employee's representative or counsel shall be allowed to offer advice to the employee and to make statements on the record at any interrogation in the course of the investigation.

[2] La. R.S. 33:2186(A) provides:

Any investigation of a fire employee . . . shall be completed within sixty days, including the conducting of any pre-disciplinary hearing or conference.

La. R.S. 33:2181(C) provides:

No fire employee shall be disciplined, demoted, dismissed or be subject to any adverse action unless the investigation is conducted in accordance with this Subpart. Any discipline, demotion, dismissal or adverse action of any sort taken against a fire employee without complete compliance with the provisions of this Subpart is an absolute nullity.

taken against him due to the expiration of the 60-day period set forth in the Firefighters Bill of Rights.

Hyde appealed his transfer, claiming that the transfer was retaliation for his exercise of his rights under the Louisiana Firefighter Bill of Rights. In its October 3, 2024 decision, the Commission found that NOFD's transfer of Hyde without any attendant loss in pay "[was] not discipline" under Civil Service Rule II, § 4.1[3] "so [he] has no right of appeal" and denied Hyde's civil service appeal. This appeal follows.

## STANDARD OF REVIEW

This Court articulated the multifaceted standard of review in civil service cases as follows:

> First, the review by appellate courts of the factual findings in a civil service case is governed by the manifest error or clearly erroneous standard. Second, when the Commission's decision involves jurisdiction, procedure, and interpretation of laws or regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard. Instead, on legal issues, appellate courts give no special weight to the findings of the trial court, but exercise their constitutional duty to review questions of law and render judgment on the record. A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial. Finally, a mixed question of fact and law should be accorded great deference by appellate courts under the manifest error standard of review.

---

[3] Civil Service Rule II, § 4.1 states that "[r]egular employees in the classified service shall have the right to appeal disciplinary actions to the Commission, including dismissal, involuntary retirement, demotion, suspension, fine, reduction in pay, or letters of reprimand as defined in Rule I."

*Ebbs v. New Orleans Fire Dep't*, 22-0185, p. 6 (La. App. 4 Cir. 12/28/22), 355 So.3d 1115, 1119 (quoting *Gant v. New Orleans Police Dep't*, 19-0640, p. 5 (La. App. 4 Cir. 12/4/19), 286 So.3d 524, 529).

## DISCUSSION

Hyde raises two assignments of error: (1) the Commission erred in finding that his transfer was not disciplinary in nature, and therefore not appealable under the Civil Service Rules; and (2) the Commission erred in not finding that his transfer violated the Firefighters Bill of Rights.

### Assignment of Error 1: Disciplinary Nature of Transfer

Civil Service Rule II, § 4.1 provides that "[r]egular employees in the classified service shall have the right to appeal disciplinary actions to the Commission, including dismissal, involuntary retirement, demotion, suspension, fine, reduction in pay, or letters of reprimand as defined in Rule I." The rule further provides: "However, a . . . transfer . . . shall not be considered a disciplinary action and thus shall not warrant an appeal except as provided in Sections 4.5 [discrimination] and 9.1 [preparation of the record on appeal] of Rule II." The Civil Service Rules define "transfer" as "the change of an employee from a position in one organization unit to a position in another organization unit in the same classification; see also 'Lateral Classification Change.'"

Hyde cites *Noya v. New Orleans Fire Dep't*, 96-2612 (La. App. 4 Cir. 4/23/97), 693 So.2d 279, in support of his argument that he had the right to appeal his transfer. *Noya* involved firefighters' claims of retaliatory transfer because of their previous successful appeals of disciplinary action taken by NOFD. We noted that as a result of their transfer, "plaintiffs suffered reduced compensation, loss of

4

prestige, and diminished opportunity for advancement." *Noya*, 96-2612, p. 4, 693 So.2d at 280-81.[4]

In the case *sub judice*, Hyde's transfer did not adversely affect his compensation, job prestige, or opportunity for advancement. Hyde testified that the transfer *might* affect his ability to select vacation time since selection of vacation time is based on seniority. However, he was unable to state his ranking in seniority relative to other captains in the Third District or even that his ranking in seniority diminished after his transfer. Further, he acknowledged that NOFD has the authority to transfer firefighters from one station to another and that had he remained at his station in the Fourth District, his ranking in seniority would have been lowered if NOPD transferred a more senior captain to his station. *Noya* is inapposite to the facts of this case.

Accordingly, we find no error in the Commission's determination that Hyde's transfer was not disciplinary in nature, such that he had no right under Civil Service Rule II, § 4.1 to appeal the transfer. We find this assignment without merit.

### Assignment of Error 2: Retaliatory Transfer in Violation of Firefighters Bill of Rights

The Firefighters Bill of Rights requires that an investigation of a fire employee "be completed within sixty days, including the conducting of any pre-disciplinary hearing or conference." La. R.S. 33:2186(A). La. R.S. 33:2181(C) provides:

---

[4] Similarly, in its opinion reversing this Court's previous ruling in *Noya* and remanding the matter to the Commission for further proceedings, the Supreme Court found that "[r]elators have set forth grounds for a hearing under Civil Service Commission Rule II, Section 4.1 and La. Const. Art. X, § 8, by alleging retaliatory transfers *with reductions in pay*." *See Noya v. Dep't of Fire, City of New Orleans*, 609 So.2d 827, 827 (La. 1992) (emphasis added).

5

No fire employee shall be disciplined, demoted, dismissed or be subject to any adverse action unless the investigation is conducted in accordance with this Subpart. Any discipline, demotion, dismissal or adverse action of any sort taken against a fire employee without complete compliance with the provisions of this Subpart is an absolute nullity.

Hyde argues that his transfer was in retaliation for exercising his right to a timely investigation under the Firefighters Bill of Rights and that therefore, in accordance with La. R.S. 33:2181(C), the transfer was an absolute nullity.[5] NOFD admits that the decision to transfer Hyde was based on the physical altercation between Hyde and Captain Armant but contends that it transferred Hyde out of concern for workplace safety, not to discipline him.

Hyde counters that NOFD's claim that its decision was motived by safety concerns is belied by the timing of the transfer. NOFD transferred Hyde more than three months after the altercation, rather than transferring him immediately after the incident. Further, NOFD communicated its intent to transfer Hyde just five days after the March 20, 2024 pre-disciplinary hearing during which Hyde's representative informed NOFD that it could not discipline Hyde due to its untimely investigation. Furthermore, Hyde argues that the fact that he and Captain Armant worked together at the same station without incident for over three months after their altercation undermines any concern that their continuing to work at the same station posed a security concern.

---

[5] On appeal, Hyde further argues that the transfer was "a penalty" under La. R.S. 33:2185 ("There shall be no penalty nor threat of any penalty for the exercise by a fire employee of his or her rights under this Subpart.") for asserting his right to a timely investigation. Hyde did not raise his La. R.S. 33:2185 claim before the Commission and thus failed to preserve the claim for appellate review. *See Gant v. New Orleans Police Dep't*, 19-0640, p. 8 (La. App. 4 Cir. 12/4/19), 286 So.3d 524, 530-31 (citing *Razor v. New Orleans Dep't of Police*, 04-2002, pp. 5-6 (La. App. 4 Cir. 2/15/06), 926 So.2d 1, 5).

La. R.S. 33:2181(C) applies only to "discipline, demotion, dismissal or adverse action." Hyde has provided no legal authority that his transfer, which did not adversely affect his compensation, job duties, or opportunity for advancement, constitutes an "adverse action" under La. R.S. 33:2181(C). Our independent research did not reveal any cases analyzing whether a retaliatory transfer is an "adverse action" under La. R.S. 33:2181(C). We note that the United States Supreme Court has held that an adverse action in the context of a retaliation claim under Title VII requires that the retaliatory action be "materially adverse," meaning that it causes "significant" harm. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006); *cf. Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 354-58, 144 S.Ct. 967, 974-76, 218 L.Ed.2d 322 (2024) (distinguishing between harm for discrimination and retaliation, and noting that "[t]o make out a Title VII discrimination claim, a transferee must show some harm respecting an identifiable term or condition of employment").

In *City of Shreveport v. Shreveport Mun. Fire & Police Civ. Serv. Bd.*, 53,954 (La. App. 2 Cir. 5/26/21), 322 So.3d 388, the Second Circuit found that a sustained complaint against a police officer was "adverse action" under the nullity provision of the Police Officer Bill of Rights, La. R.S. 40:2531(C),[6] which is similar to La. R.S. 33:2181(C). In making this determination, the court noted the

---

[6] La. R.S. 40:2531(C) provides as follows:

> There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police employee or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal, or adverse action of any sort whatsoever taken against a police employee or law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity.

negative effect of the transfer, including the potential disclosure of the sustained complaint to future employers. *City of Shreveport*, 53,954, p. 11, 322 So.3d at 396.

In the case *sub judice*, Hyde has failed to demonstrate that his transfer will cause him to suffer any negative effect. Accordingly, the Court finds that Hyde's transfer does not amount to an adverse action under the Firefighters Bill of Rights.

## DECREE

For the reasons discussed above, we affirm the Commission's decision denying Hyde's appeal of his transfer from the Fourth District to the Third District.

**AFFIRMED**